Burke, J.
The County Court has reversed a conviction of the defendant for operating a motor vehicle while in an intoxicated condition in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law on the ground that “Although the evidence justifies a finding of intoxication of the defendant, there is no proof that he operated the automobile in question while intoxicated.”
Granting the conviction of defendant rests upon circumstantial evidence, we hold that such evidence was sufficient to support a conviction under the statute.
The defendant, when found by the police officers, was seated alone in a drunken state in his automobile which was damaged and halted against a guardrail, with the engine running, on the Bronx River Parkway in Westchester County. Upon questioning by the arresting officers, the defendant admitted he had attended a party and was returning to his home on Long Island, New York.
The question of law is whether there is proof, in this case, of the crime charged separate and apart from the defendant’s admission (Code Grim. Pro., § 395). In our view the question must be answered in the affirmative. Moreover, it is clear that the proven facts taken with the declaration of defendant ‘ ‘ are consistent with, and point to, the defendant’s guilt and are inconsistent with his innocence ” (cf. People v. Harris, 306 N. Y. 345, 351).
When a conviction in a criminal case depends on circumstantial evidence, the facts from which a clear inference may be drawn must be proved (People v. Taddio, 292 N. Y. 488, 489; People v. Weiss, 290 N. Y. 160, 163). Here the proof was sufficient in and of itself to establish prima facie each of the essential elements of the crime charged against the defendant. *120 Hence we reach the obvious conclusion that the defendant drove the vehicle to the place where it was found, and that at that time he was intoxicated. The facts established point logically to the defendant’s operation of the automobile while intoxicated, even though there is no direct proof that he drove into the guardrail. It is conceivable that some one else drove the car against the guardrail, but that is a possibility often present in many circumstantially proven criminal cases. Nevertheless, in this case, we are convinced that the proof in the record satisfies the test for circumstantial evidence to a degree sufficient in law to sustain the conviction.
Accordingly, the order of the County Court insofar as it dismisses the information should be reversed and a new trial ordered.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Van Voorhis concur.
Order reversed, etc.