OPINION OF THE COURT
Robert J. Stolarik, J.
This is a motion by the defendant for an order setting aside the verdict herein, dismissing the indictment or, in the alternative, granting a new trial.
The People oppose the application.
The defendant was charged (and convicted after a jury trial) with burglary in the third degree (Penal Law, § 140.20), petit larceny (Penal Law, § 155.05, subd 2, par [a]; § 155.25) and criminal mischief in the fourth degree (Penal Law, § 145.00, subd 1).
The defendant asserts that the court’s charge to the jury with regard to the fingerprint evidence would permit the jury to draw an inference on an inference. Otherwise stated, defendant contends that his fingerprint was found on a movable object, not identifiable by the victim, inside the burglarized premises and there was no other evidence connecting him with the alleged burglary and, accordingly, it was insufficient as a matter of law for submission to a jury. And more specifically, that the only inference that can be drawn from the presence of the defendant’s fingerprint on an object not positively identified by the victim is that the defendant had, at some time, touched that object, not necessarily during the commission of the alleged burglary. The defendant further argues that to draw an additional inference would create an inference on an inference in violation of the circumstantial evidence rule.
The evidence at the trial indicated that the residence of a local physician was forcibly entered sometime between August 29 and September 6, 1977. Upon returning home from vacation September 6, the doctor discovered that the top drawer of a steel cabinet in his study had been forced and some of the contents of the drawer were strewn about that room and the adjoining hallway. He also testified that prior to leaving on vacation, he had placed United States currency (approximately $200) in a plain white bank envelope which he had received at the Empire National Bank, a number of which (all *28 identical) he routinely kept in his study. He had then placed this envelope in the top drawer of the file cabinet. A further inspection by the doctor revealed that this envelope was no longer in the drawer, and no envelope containing money was found. However, an empty envelope which the doctor identified as being similar to or resembling the one containing the money (and the other envelopes in his possession) was found lying in the hallway adjoining the study. It was this envelope which allegedly contained the defendant’s fingerprint and other partial unidentifiable fingerprints. Expert testimony indicated that it was impossible to determine the age of the alleged fingerprint.
The doctor also testified that he did not know defendant, that the defendant was never given permission to enter his premises, and that the defendant was never one of his patients. There is no other evidence connecting the defendant with this burglary. The defendant did not take the stand and presented no evidence in his behalf.
The court charged the jury on the general rules relating to circumstantial evidence, including the proposition that the direct evidence of the collateral fact, "must exclude to a moral certainty, every supposition except that of the guilt of the accused. In other words, the facts which are directly proved must be not only consistent with the guilt of the accused, but must also be inconsistent with his innocence.”
The court then specifically charged the jury that the evidence submitted by the People in this case was circumstantial since no witness testified that he saw the defendant in the doctor’s house: "Instead, the People have submitted proof of a collateral fact, the latent print taken from the white envelope that was allegedly found in the hallway of the doctor’s residence. If you find that the People have proved beyond a reasonable doubt that the fingerprint on the white envelope is that of the defendant, then you may draw the inference that the defendant was in the doctor’s home and any other inference that might logically be drawn from this and other credible evidence, or you may still reject the inferences that the People are asking you to draw.”
By rendering its verdict of guilty, the jury necessarily found beyond a reasonable doubt that the print discovered on the envelope was the defendant’s.
The court will consider two issues in disposing of the instant application. (I) Was the evidence adduced at trial sufficient to *29 constitute a question of fact for a jury? (II) Was the court’s charge in the instant case an accurate statement of the law?
I. SUFFICIENCY OF THE EVIDENCE
In a situation where the fingerprint provides the sole evidence of the defendant’s guilt, present New York case law is of little assistance. When the fingerprint is found on a large immobile object (e.g., a safe) inside the burglarized premises (People v Jones, 257 App Div 5), or, where the location of the immobile object containing the fingerprint points conclusively to the defendant’s guilt (People v Gates, 24 NY2d 666), the evidence is clearly sufficient to warrant submission to a jury.
A review of the Federal case law with regard to the sufficiency of fingerprint evidence provides some assistance. In an often cited and much criticized decision, the United States Court of Appeals [DC Cir] held that fingerprint evidence alone was insufficient to sustain a burglary conviction in the absence of evidence that the objects from which the prints were taken were generally inaccessible to the defendant prior to the commission of the crime. The court held that the Government’s proof was insufficient because it failed to demonstrate that the defendant’s fingerprints had been placed on the objects at the time of the commission of the crime. (Borum v United States, 380 F2d 595.) In some ways, the facts of the Borum case present stronger evidence of guilt than the facts before this court. For instance, in Borum, the defendant’s fingerprints were found on jars from which the victim’s coin collection had been stolen. (The jars were clearly and unequivocally identified by the victim.) However, in that case, the Government presented (p 596) "no evidence which could account for, or even suggest an inference about, the custody or location of the jars” prior to the burglary. In the case before this court, the People presented evidence from which a properly charged jury could determine the custody and location of the envelope prior to the burglary. The doctor testified that he kept a supply of bank envelopes in his office, that he obtained them from time to time at the bank, and that he used one of these envelopes to secure the cash in the top drawer of his metal filing cabinet.
If Borum (supra) stands for the proposition that the jury must be provided with some facts from which they can reasonably infer that the envelope was not generally accessible to the defendant (in contrast with merely speculating as to the *30 defendant’s access), then the court agrees with that proposition. However, the facts of the Borum case lead more persuasively to the conclusion reached in Judge Berger’s dissent, and it would appear that the majority holding effectively usurps the function of the jury as the triers of fact.
In the instant case, there is adequate evidence from which the jury could infer the defendant’s lack of accessibility. There is evidence that (1) the doctor did not know the defendant; (2) that the doctor did not give defendant permission to enter his home; (3) that the defendant was not one of the doctor’s patients; (4) that the envelope which contained the defendant’s fingerprint was similar to or resembled several others which the doctor kept in supply in his study; (5) that the envelope which contained the defendant’s fingerprint was similar to or resembled the envelope in which he placed $200 and which he had placed in the top drawer of his filing cabinet; (6) that the envelope containing the defendant’s fingerprint (and which was identical to those kept in his study and to the one in which he placed the $200), was similar to or resembled the ones he regularly obtained from the Empire National Bank, (and kept in his study).
Where fingerprint evidence provides the sole evidence of guilt, the court can conceive of factual situations which, as a matter of law, would be insufficient to present a question of fact for a jury’s consideration. For instance, where the defendant’s fingerprint is found on a readily movable object which cannot be identified by the victim of the crime, the evidence would be insufficient as a matter of law; for example, if the defendant’s fingerprint were found on his own credit card which is discovered inside the burglarized premises. (This fingerprint evidence alone would be insufficient as a matter of law because it was found on an item which could not be "identified” by the victim, thereby presenting a reasonably consistent hypothesis of innocence since the credit card was readily accessible to the defendant and his fingerprint could reasonably have been placed on the credit card at a time other than during the commission of the crime.) However, where the defendant’s fingerprint is found on a readily movable object which is identified by the victim of the crime, the evidence is sufficient to present a question of fact for a jury; for example, if the defendant’s fingerprint were found on the victim’s credit card which was discovered within the burglarized premises. (This fingerprint evidence would be sufficient to present a jury *31 question because it is an item "identified” by the victim, thereby presenting no reasonable hypothesis which is consistent with the defendant’s innocence since the credit card was not readily accessible to the defendant and his fingerprint could not reasonably have been placed on the credit card at a time other than during the commission of the crime.)
The instant case is an example of the latter situation since the evidence before this court is sufficient to constitute questions of fact for the jury as to whether the envelope was "identified” by the victim (the doctor) as belonging to him, and whether the envelope was readily accessible to the defendant.
Accordingly, we find that the evidence in its entirety constituted sufficient facts from which a jury could reasonably find that the envelope was the doctor’s, that the envelope was not generally accessible to the defendant and, therefore, that the fingerprint was placed upon the envelope at the time of the commission of the crime.
II. THE CHARGE TO THE JURY
A review of the facts of this case clearly indicates that the charge to the jury on the law was incorrect. The evidence in the instant case raised questions of fact which should have been submitted to the jury for their consideration. More specifically, the "identifiability” of the envelope was in issue. It was the People’s burden and a question for the jury to determine whether the envelope found in the hallway, in fact, belonged to the doctor; was, in fact, procured by him from the Empire National Bank; and was, in fact, one of the envelopes kept by him in his study. Then, and only then, should the jury have considered the issue of whether the fingerprint found on that envelope was, in fact, the defendant’s fingerprint. Only after finding that the envelope was "identifiable” and that the fingerprint was the defendant’s should the jury have been instructed on the necessity of finding that the defendant’s fingerprint had been placed on that envelope at the time of the commission of the crime. In this regard, the People’s evidence was wholly circumstantial. To warrant such an inference by the jury, they would have to find that the People’s proof excluded to a moral certainty every other reasonable hypothesis but that the defendant touched that envelope during the commission of the crime. In other words, the jury would have to find that under no reasonable hypothesis could the defendant’s fingerprint have been placed on that *32 envelope at a time that would be consistent with his innocence, or at a time other than during the commission of the burglary. (People v Harris, 306 NY 345, 351; People v Cleague, 22 NY2d 363; People v Blake, 5 NY2d 118; People v Wachowicz, 22 NY2d 369, 372.)
In the instant case, the court erred in failing to instruct the jury on the issue of the "identifiability” of the envelope and the issue of whether the fingerprint had been placed upon the envelope at the time of the commission of the crime.
The charge, as outlined above, is consistent with the rules of circumstantial evidence since the jury would, thereby, be prohibited from drawing an inference on an inference. Since the court’s failure to so charge the jury constitutes reversible error, the defendant’s motion to set aside the verdict pursuant to CPL 330.30 will be granted to the extent that the court will order a new trial. (CPL 330.50, subd 1; 470.20, subd 1.)
In addition, the defendant claims that the court erred in permitting introduction of testimony relating to the theft of items other than United States currency; namely, a Sony television, jewelry, crystal ware, etc. It is the defendant’s contention that introduction of such proof constitutes evidence of crimes in addition to those charged in the indictment.
Since the defendant was charged with petit larceny, the introduction of such proof did not subject the defendant to the charge of an additional crime. In addition, the court notes that the indictment charged the defendant with the theft of "United States currency and other property.” The introduction of evidence regarding the theft of a Sony television, jewelry, crystal ware, etc., would constitute "other property” as charged in the petit larceny count of the indictment.
Accordingly, defendant’s motion with respect to this issue is denied.