OPINION OF THE COURT
Ute Wolff Lally, J.
The defendant was charged with driving while intoxicated, Vehicle and Traffic Law § 1192 (2), on July 24, 1993 in the County of Nassau. At the commencement of this bench trial defendant conceded that he was intoxicated and the intoxilyzer 5000, which produced a reading of .22, was properly *1073 administered to him and was in proper working condition. Therefore, the only issue to be determined is whether the defendant was "operating the vehicle”.
First, the court must resolve the question of fact presented by the opposing testimony of the two police officers as against the testimony of defendant and his witnesses. In substance, the police officers testified that defendant drove the automobile from its parked position three to five feet before he was stopped by Police Officer Feil and that the owner of the car, Rich (Sal) Loiacano, and a woman sat in the passenger seat. It is undisputed that the vehicle was a two-seater, 1977 Corvette, and that it was parked on Lawrence Avenue in Franklin Square while the defendant, Mr. Loiacano and others attended a rock concert at the Plattdeutsche Park Restaurant.
Defendant and his witness, Rich Loiacano, both testified that the defendant was not expected to drive the vehicle and that the vehicle did not move. Further, that Mr. Loiacano had to start the vehicle routinely as on this occasion by using a screwdriver on the starter and that Mr. Loiacano requested the defendant sit in the driver seat and push the gas pedal to prevent stalling of the engine after Mr. Loiacano started the car by first inserting the key, turning it to the "on” position and then starting the car by using the screwdriver under the hood of the car. It was also established that defendant did not drive to the rock concert with the owner.
The court must resolve this question in favor of the defendant based primarily on the entries in Police Officer Feil’s memo book, the supporting deposition, and computer case report, all three of which state that defendant was behind the wheel and that the engine was running and none of which state that the car was moving and/or that defendant was observed driving same, even for a few feet. Further, Police Officer Feil testified that defendant told him at the scene "all I did was test the car out”.
Therefore, the court finds that the defendant was seated behind the wheel of the vehicle with the motor running only for the purpose of helping the owner start the vehicle and without any intention of driving same.
Based upon the above findings of fact the court will now consider whether this fact pattern constitutes "operation”. In examining the cases in which operation was established based upon the defendant sitting behind the wheel with the car running but without the observation of defendant driving, it is *1074 noted that all were based on certain facts calling for a strong inference that the defendant actually drove the vehicle.
People v Domagala (123 Misc 757). Defendant was observed attempting to start his motor vehicle six times, and every time he attempted to put it into gear the motor stalled. The front wheels of the vehicle were abutting a curb. The defendant did not move the vehicle. The court found that defendant "violate[d] the law the instant he began to manipulate the machinery of the motor for the purpose of putting the automobile into motion” (at 758).
People v Foster (133 Misc 2d 427). Here defendant was asleep behind the wheel, and when the police officer awoke him he proceeded to drive one half of a block.
People v Marriott (37 AD2d 868). Defendant was alone in a car in a remote area. He was observed sitting behind the wheel with the engine stopped, and later with the engine running. These facts permitted an inference that he had started the engine intending to drive home. This constituted the operation within the meaning of the statute.
Matter of Prudhomme v Hults (27 AD2d 234). Defendant was stopped on the center mall of the Thruway with the motor running, the lights on, but the car was not in gear and the defendant was slumped over the steering wheel. A ticket was found indicating that he entered the Thruway 7 Vi miles away. There was no indication of intoxicants or containers in or near the car. The Court held that the defendant was operating the car within the meaning of the statute.
People v Collins (70 AD2d 986). Civilian witnesses observed the headlights of defendant’s car approaching their driveway, his car sitting in their driveway with the motor running and defendant slumped behind the wheel. The Court found that there was ample circumstantial evidence to conclude that defendant had operated his vehicle on the highway.
People v Blake (5 NY2d 118). Defendant was found alone in a drunken state in his automobile which was damaged and halted against a guardrail. The Court found that circumstantial evidence was sufficient to support a conviction of driving while intoxicated.
The above cases suggest or compel an inference that defendant either drove his vehicle to the place where he was found or was attempting to drive from such place.
It has been recognized that the definition of "operation” for purposes of Vehicle and Traffic Law § 1192 is broader than the *1075 ordinary definition of driving. It includes the act of "[using] the mechanism of the automobile for the purpose of putting the automobile in motion even though [the vehicle does not move]. (Matter of Prudhomme v. Hults, supra.)” (People v Marriott, supra, at 868.)
As a matter of fact this definition or a similar one is included in the jury charges for violations of Vehicle and Traffic Law § 1192. The reason for such a charge is to allow the jury to draw a fair inference that the defendant was sitting behind the wheel with the motor running because he had been driving or was about to drive. Where there exists a .logical, credible explanation such an inference can be defeated. The definition of operation cannot so alter its ordinary meaning as to create a new crime not intended by the Legislature. In People v DeSantis (NYLJ, May 21, 1990, at 32, col 4 [App Term, 9th & 10th Jud Dists]), the court found that based upon the defendant’s testimony he started the vehicle solely to keep warm and not for the purpose of putting the automobile in motion and, therefore, was not operating the vehicle within the meaning of Vehicle and Traffic Law § 1192.
Accordingly, the court finds that the defendant did not operate the motor vehicle in question and the charge is hereby dismissed.