The People of the State of New York, Respondent, 
against
Chang H. Zou, Appellant.




Chang H. Zou, appellant pro se.
Orange County District Attorney, for respondent (no brief filed).

Appeal from three judgments of the Justice Court of the Town of Wallkill, Orange County (Peter W. Green, J.), rendered June 15, 2016. The judgments convicted defendant, after a nonjury trial, of two charges of driving with substandard tires and one charge of unsafe backing, respectively.




ORDERED that the judgments convicting defendant of driving with substandard tires are reversed, on the law, the simplified informations charging those offenses are dismissed, and the fines therefor, if paid, are remitted; and it is further,
ORDERED that the judgment convicting defendant of unsafe backing is affirmed.
After a nonjury trial, defendant was found guilty of two charges of driving with substandard tires (Vehicle and Traffic Law § 375 [35]) and one charge of unsafe backing (Vehicle and Traffic Law § 1211 [a]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish defendant's guilt of either of the two charges of driving with substandard tires beyond a reasonable doubt (see People v Baker, 20 NY3d 354 [2013]). A police officer testified that, based upon his visual inspection, he had found the treads of two tires on defendant's vehicle to be "very low," but he had not measured the tires with a tread depth gauge (see Regulations of Commissioner of Motor Vehicles [15 NYCRR] § 51.6). There was no evidence establishing that the worn portion of the tires was of sufficient size so as to affect the traction and stopping ability of the vehicle (see Regulations of Commissioner of Motor Vehicles [15 NYCRR] § 51.5 [a] [4]). Moreover, because the officer's [*2]independent recollection of the incident was limited, he was unable to identify the vehicle's two tires that allegedly had "very low" or no treads. Consequently, the two judgments convicting defendant of driving with substandard tires must be reversed and the simplified traffic informations charging those offenses dismissed.
Defendant further contends that the verdict convicting him of unsafe backing was against the weight of the evidence because the officer who testified and had issued the ticket was not present at the time of the alleged offense to witness it. Vehicle and Traffic Law § 1211 (a) provides that, "[t]he driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic." To obtain a conviction for unsafe backing, "there is no requirement that the defendant be observed driving the vehicle [by a police officer]. Generally speaking, operation of a vehicle can be proven by circumstantial evidence" (People v Salerno, 36 Misc 3d 151[A], 2012 NY Slip Op 51699[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see also People v Blake, 5 NY2d 118, 120 [1958]; People v Biondo, 47 Misc 3d 154[A], 2015 NY Slip Op 50819[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
In conducting a weight of the evidence review, if a finding in favor of the defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843, 844 [2013]), an appellate court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Danielson, 9 NY3d 342, 348 [2007]). "If it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then the appellate court may set aside the verdict" (People v Mateo, 2 NY3d 383, 410 [2004] [internal quotation marks omitted]) and dismiss the accusatory instrument (see CPL 470.20 [5]).
Here, the police officer's testimony, that when he arrived at the scene of the accident involving defendant's vehicle and another automobile, defendant had told him that he "was reversing back on the roadway, which then caused him to strike another vehicle that was behind him," was uncontroverted. Additionally, he testified, without objection by defendant, that the driver of the second vehicle had informed him that she had been traveling in the same direction as defendant until he began to back up in the roadway, which caused defendant's vehicle to strike her vehicle. Thus, we are satisfied that the guilty verdict of unsafe backing was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgments convicting defendant of driving with substandard tires are reversed and the simplified traffic informations charging those offenses are dismissed. The judgment convicting defendant of unsafe backing is affirmed.
BRANDS, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 03, 2017