# Matter of Margaret VUCETIC, Respondent

*Decided March 31, 2021*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of aggravated unlicensed operation of a motor vehicle in the first degree in violation of section 511(3)(a)(i) of the New York Vehicle and Traffic Law, which prohibits a person from driving under the influence of alcohol or drugs while knowing or having reason to know that his or her license is suspended, is categorically a crime involving moral turpitude. *Matter of Lopez-Meza*, 22 I&N Dec. 1188 (BIA 1999), followed.

FOR RESPONDENT: Kerry Q. Battenfeld, Esquire, Buffalo, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Eric W. Schultz, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MULLANE, and GORMAN, Appellate Immigration Judges.

GRANT, Appellate Immigration Judge:

In a decision dated May 7, 2018, an Immigration Judge terminated the removal proceedings against the respondent. The Department of Homeland Security ("DHS") has appealed from this decision. The respondent opposes the appeal. The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Canada and a lawful permanent resident of the United States. She was twice convicted of aggravated unlicensed operation of a motor vehicle in the first degree in violation of section 511(3)(a)(i) of the New York Vehicle and Traffic Law as a consequence of two separate arrests in 2014 and 2015, respectively. Based on these convictions, the DHS charged her with removability under section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(ii) (2012), as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

Relying on *Matter of Lopez-Meza*, 22 I&N Dec. 1188 (BIA 1999), the Immigration Judge determined that the respondent's State statute of

conviction—which prohibits a person from driving under the influence of alcohol or drugs while knowing or having reason to know that his or her license is suspended—can involve both reprehensible conduct and a culpable mental state for purposes of a crime involving moral turpitude. However, the Immigration Judge distinguished the respondent's New York statute of conviction from the Arizona statutes at issue in *Matter of Lopez-Meza*, because, while the Arizona statutes require a defendant to "drive" a motor vehicle, the respondent's State statute of conviction reaches, at a minimum, an individual who merely "operates" a vehicle. Thus, the Immigration Judge concluded there is a realistic probability that section 511(3)(a)(i) would be applied to nonreprehensible conduct falling outside the generic definition of a crime involving moral turpitude and terminated proceedings.

On appeal, the DHS challenges the Immigration Judge's decision to terminate, arguing that it has established that the respondent's offenses are crimes involving moral turpitude, which render her removable under section 237(a)(2)(A)(ii) of the Act. *See* section 240(c)(3)(A) of the Act, 8 U.S.C. § 1229a(c)(3)(A) (2018) (providing that the DHS has the burden of establishing by clear and convincing evidence that an alien who has been admitted to the United States is removable). Whether the respondent's offenses are crimes involving moral turpitude that render her removable is a question of law we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2020).

## II. ANALYSIS

To determine whether the respondent's convictions are crimes involving moral turpitude, we apply the "categorical approach," examining the State statute "defining the crime of conviction to see whether it fits within the generic definition of a crime involving moral turpitude," while "focus[ing] on the minimum conduct that has a realistic probability of being prosecuted under the statute." *Matter of Silva-Trevino*, 26 I&N Dec. 826, 831 (BIA 2016) (citing *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)); *see also Matthews v. Barr*, 927 F.3d 606, 617–18 (2d Cir. 2019), *cert. denied*, 141 S. Ct. 158 (2020).

"To involve moral turpitude, a crime requires two essential elements: reprehensible conduct and a culpable mental state." *Matter of Silva-Trevino*, 26 I&N Dec. at 834. Conduct is "reprehensible" if it is "inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general," while a "culpable mental state" requires deliberation or consciousness, such as intent, knowledge, willfulness, or recklessness. *Id.* at 833–34 (citation omitted).

At all relevant times, the respondent's State statute of conviction provided as follows:

> Aggravated unlicensed operation of a motor vehicle in the first degree. (a) A person is guilty of the offense of aggravated operation of a motor vehicle in the first degree when such person: (i) commits the offense of aggravated unlicensed operation of a motor vehicle in the second degree as provided in subparagraph (ii), (iii), or (iv) of [section 511(2)(a) of the New York Vehicle and Traffic Law] and is operating a motor vehicle while under the influence of alcohol or a drug in violation of [sections 1192(1)–(5) of that statute].

N.Y. Veh. & Traf. Law § 511(3)(a)(i) (McKinney 2014). This provision requires a defendant to operate a motor vehicle on a public highway while under the influence of alcohol or a drug knowing or having reason to know his or her license or privilege of operating such a motor vehicle or privilege of obtaining a license to operate such a vehicle is suspended, revoked, or otherwise withdrawn. CJI2d[NY] Veh. & Traf. Law § 511(3)(a)(i) (2020).

We conclude that a conviction under this provision requires the State to establish both the requisite culpable mental state and level of reprehensible conduct for a crime involving moral turpitude, and there is no realistic probability the statute would be applied to conduct that would not constitute a crime involving moral turpitude.

## A. Culpable Mental State

We agree with the Immigration Judge that a violation of section 511(3)(a)(i) requires a culpable mental state sufficient for a crime involving moral turpitude. In *Matter of Lopez-Meza*, 22 I&N Dec. at 1196, this Board explained that when the offense of driving under the influence "is committed by an individual who knows that he or she is prohibited from driving, the offense becomes such a deviance from the accepted rules of contemporary morality that it amounts to a crime involving moral turpitude." We reasoned that "[t]he aggravating factor rendering the [driving under the influence] conviction a crime involving moral turpitude in *Matter of Lopez-Meza* was the culpable mental state needed for a conviction under" the Arizona statutes at issue in that case—namely, "that the defendant knew, at the time that he was driving while under the influence of alcohol, that his driver's license had been suspended and that he was not permitted to drive." *Matter of Torres-Varela*, 23 I&N Dec. 78, 85 (BIA 2001) (citing *Matter of Lopez-Meza*, 22 I&N Dec. at 1194–95). In light of these "aggravating circumstances," we concluded that the Arizona statutes at issue required a sufficient culpable mental state for a crime involving moral turpitude, despite the absence of "a specific element of intent in the statutes." *Matter of Lopez-Meza*, 22 I&N Dec. at 1195; *see also id.* at 1192 ("[W]hile crimes involving moral turpitude

often involve an evil intent, such a specific intent is not a prerequisite to finding that a crime involves moral turpitude.").

On appeal, the respondent maintains that section 511(3)(a)(i) of the New York Vehicle and Traffic Law is not a crime involving moral turpitude because the statute provides that a person may be convicted of that offense if they knew or, at a minimum, had "reason to know" their privilege to drive had been suspended, revoked, or withdrawn. The respondent argues that it is unclear whether having "reason to know" that a license has been suspended amounts to recklessness or criminal negligence under New York law, and she contends that neither recklessness nor criminal negligence is a sufficient culpable mental state for a crime involving moral turpitude.

Pursuant to section 15.05(3) of the New York Penal Law, "[a] person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he [or she] is *aware of and consciously disregards* a substantial and unjustifiable risk that such result will occur or that such circumstance exists," and "[t]he risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." (Emphasis added.) "A person who creates [a substantial and unjustifiable] risk but is unaware thereof *solely by reason of voluntary intoxication* also acts recklessly with respect thereto." *Id.* (emphasis added). By contrast, "[a] person acts with criminal negligence [under New York law] with respect to a result or to a circumstance described by a statute defining an offense when he [or she] *fails to perceive* a substantial and unjustifiable risk that such result will occur or that such circumstance exists." N.Y. Penal Law § 15.05(4) (McKinney 2021) (emphasis added).

We have held that recklessness is a sufficient culpable mental state for moral turpitude purposes where it entails a conscious disregard of a substantial and unjustifiable risk posed by one's conduct. *See, e.g.*, *Matter of Tavdidishvili*, 27 I&N Dec. 142, 143–44 (BIA 2017) (collecting cases). As noted, the respondent's State statute of conviction requires a defendant to operate a motor vehicle while under the influence knowing or having reason to know he or she is not permitted to drive. *See* CJI2d[NY] Veh. & Traf. Law § 511(3)(a)(i). Because a person who creates a "substantial and unjustifiable risk," but is unaware of such a risk "solely by reason of voluntary intoxication," acts recklessly under New York law, we conclude that a violation of section 511(3)(a)(i) necessarily involves, at a minimum, recklessness, a culpable mental state falling within the definition of a crime involving moral turpitude. N.Y. Penal Law § 15.05(3); *see also Gayle v. Sessions*, 719 F. App'x 68, 69–70 (2d Cir. 2018) (holding that reckless endangerment in the second degree under New York law, which requires a perpetrator to act recklessly within the meaning of section 15.05(3),

involves a sufficient culpable mental state for a crime involving moral turpitude).

## B.  Reprehensible Conduct

We disagree with the Immigration Judge's determination that there is a realistic probability the respondent's State statute of conviction would be applied to conduct that is not reprehensible because the statute covers an individual who merely "operates," rather than "drives," a motor vehicle.  The DHS asserts that the term "operates" in section 511.3(a)(i) is analogous to the requirement in the Arizona statutes at issue in *Matter of Lopez-Meza*, 22 I&N Dec. at 1189, that a defendant "driv[e] or be[] in actual control" of a vehicle.  We are persuaded by the DHS's argument.

Section 511(3)(a)(i) cannot be read in isolation; it must be read in conjunction with the statutory provisions it follows and cross-references— namely, sections 511(1) and 511(2) of the New York Vehicle and Traffic Law.  *See generally Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) (stating that courts generally read statutory language in the context of the broader statutory scheme).  Section 511(2)(a) provides that a person is guilty of aggravated unlicensed operation of a vehicle in the *second* degree when, under various circumstances including those related to prior suspension of a license as a consequence of impaired driving, the person commits the offense of aggravated unlicensed operation of a motor vehicle in the *third* degree, as defined in section 511(1)(a).  Therefore, a person can only be found guilty under section 511(3)(a)(i) for engaging in conduct that is prosecutable under section 511(1)(a)—and that provision clearly states that a person is guilty "when such person *operates a motor vehicle upon a public highway* while knowing or having reason to know that such person's license or privilege" to drive has been "suspended, revoked or . . . withdrawn."  N.Y. Veh. & Traf. Law § 511(1)(a) (emphasis added).

Thus, reading section 511(3)(a)(i) of the New York Vehicle and Traffic Law in conjunction with sections 511(1) and 511(2), a person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the first degree *only* when such person "operates a motor vehicle upon a public highway" while under the influence knowing or having reason to know that such person's license or privilege of operating such a vehicle or privilege of obtaining a license to operate such a vehicle is suspended, revoked, or otherwise withdrawn based on:  a prior finding of "[o]perating a motor vehicle while under the influence of alcohol or drugs" in violation of section 1192 of the New York Vehicle and Traffic Law; a conviction for a violation of that section; or a mandatory suspension pending prosecution for such a violation.

The phrase "operates a motor vehicle" under New York law encompasses driving a vehicle as well as "[using] the mechanism of the automobile for the purpose of putting the automobile in motion even though [the vehicle does not move]." *People v. O'Connor*, 607 N.Y.S.2d 856, 858 (Crim. Ct. 1994) (alterations in original) (citations omitted); *see also People v. Alamo*, 315 N.E.2d 446, 458–59 (N.Y. 1974); *People v. Marriott*, 325 N.Y.S.2d 868, 868 (App. Div. 1971). In other words, the statute requires a defendant to either actually drive the vehicle, or take active steps to drive it. Because section 511(3)(a)(i) requires a defendant to "operate" a vehicle in either of these ways while under the influence "on a public highway," putting the public at risk, the offense involves "a baseness so contrary to accepted moral standards that it rises to the level of a crime involving moral turpitude." *Matter of Lopez-Meza*, 22 I&N Dec. at 1195. Based on this requirement, we additionally conclude that there is not a realistic probability the respondent's State statute of conviction would be applied to conduct that is not reprehensible—such as conduct that took place solely on a vehicle owner's private driveway.

Weighing the dangerous conduct necessarily involved in a violation of section 511(3)(a)(i) along with the culpable mental state needed to commit such a violation, we conclude that the offense of aggravated unlicensed operation of a motor vehicle in the first degree under New York law is categorically a crime involving moral turpitude. *See id.* at 1196 (stating that a finding of moral turpitude "results from a building together of elements by which the criminalized conduct deviates further and further from the private and social duties that persons owe to one another and to society in general"). Therefore, the DHS has satisfied its burden to establish that the respondent's convictions under this statute render her removable under section 237(a)(2)(A)(ii) of the Act, and the Immigration Judge erred when he terminated proceedings.[1] Accordingly, the appeal of the DHS is sustained, the decision of the Immigration Judge is vacated, and the proceedings are reinstated. The record is remanded to give the respondent an opportunity to apply for any relief for which she may be eligible.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the proceedings are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[1] The respondent does not argue that her offenses arise out of a single scheme of criminal misconduct, and we deem the issue waived. *See, e.g.*, *Matter of P-B-B-*, 28 I&N Dec. 43, 44 n.1 (BIA 2020).