People v Ryan (2023 NY Slip Op 51247(U))

[*1]

People v Ryan (Alexis)

2023 NY Slip Op 51247(U)

Decided on October 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2021-590 W CR

The People of the State of New York, Respondent, 
against
Alexis P. Ryan, Appellant. 

Thomas R. Villecco, for appellant.
Westchester County District Attorney (Brian R. Pouliot and Raffaelina Gianfrancesco of counsel), for respondent.

Appeal from judgments of the Justice Court of the Town of Somers, Westchester County (Michael J. McDermott, J.), rendered August 30, 2021. The judgments convicted defendant, after a nonjury trial, of driving while intoxicated (per se) and driving while intoxicated (common law), respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Defendant was convicted, after a nonjury trial, of separate charges of driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]). The testimony at the trial establishes that defendant was found asleep in the back of a crashed vehicle at a T-intersection in Westchester County just after 5:00 a.m., with the doors locked, the car's transmission in drive, and the keys in the ignition. The vehicle appeared to have been traveling on a side street, and, rather than turn at the "T," proceeded through the intersection and crashed into the side of the intersecting main road, remaining perpendicular to that main road and blocking a lane of traffic. A trooper testified that, once stirred, defendant responded that she was traveling home from her friend's house, that she had driven the car, that she "had a few drinks hours ago," and that she had not had anything to drink since operating the car. He observed defendant to have a flushed face, slurred speech, [*2]droopy eyes, and an odor of alcohol about her. He also observed that the car smelled from alcohol. Defendant failed standard field sobriety tests. A breathalyzer revealed that she had a blood alcohol content ("BAC") of .15 of one per centum by weight.
Defendant appeals, arguing that the convictions are based on legally insufficient evidence and are against the weight of the evidence.
Viewing the evidence in the light most favorable to the People (see People v Flanagan, 28 NY3d 644, 656 [2017]; People v Contes, 60 NY2d 620, 621 [1983]), we find that defendant's convictions were based on legally sufficient evidence (see People v Booden, 69 NY2d 185, 187-188 [1987]; People v Mertz, 68 NY2d 136, 146 [1986]; People v Mondesir, 73 Misc 3d 137[A], 2021 NY Slip Op 51155[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Beauzyl, 56 Misc 3d 141[A], 2017 NY Slip Op 51118[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). The circumstances in which the troopers found defendant, along with her .15 BAC and signs of intoxication, adequately corroborated her admissions that she drove after drinking, thus providing additional proof that the offenses charged had been committed (see CPL 60.50; Booden, 69 NY2d at 187-188; People v Blake, 5 NY2d 118, 119-120 [1958]; Beauzyl, 2017 NY Slip Op 51118[U]).
In reviewing the weight of the evidence with respect to both of the aforementioned charges (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we find that the verdicts are not against the weight of the evidence
Accordingly, the judgments of conviction are affirmed. 
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2023