OPINION OF THE COURT
 

 Chief Judge Wachtler.
 

 The defendant was convicted, after a jury trial, of attempted promoting prostitution in the second degree (Penal Law §§ 110.00, 230.30 [2]) and grand larceny in the third degree (Penal Law former § 155.30 [5]). The evidence presented at trial established that the defendant had approached a 24-year-old undercover police officer whom he believed to be a 15-year-old runaway, encouraged her to engage in prostitution and
 
 *383
 
 proposed to act as her pimp. The defendant also asked the decoy to give him the gold chain she was wearing, and when she refused, he snatched it from around her neck and later sold it for $30. The defendant’s conviction was affirmed by the Appellate Division.
 

 The issue presented by this appeal is the propriety of the defendant’s conviction for attempted promoting prostitution in the second degree. Section 230.30 (2) of the Penal Law provides that a person is guilty of promoting prostitution in the second degree, a class C felony, "when he knowingly * * * [ajdvances or profits from prostitution of a person
 
 less than sixteen years old”
 
 (emphasis added). According to section 230.15 (1) of the Penal Law, "advancing prostitution” includes the situation where an actor "knowingly causes or aids a person to commit or engage in prostitution * * * or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution.” In the case now before us, although there is ample evidence that the defendant believed the officer to be 15 when he encouraged her to become a prostitute, it was nonetheless impossible for him to have been convicted of the completed crime of promoting prostitution in the second degree since the officer was in fact 24. The defendant concedes that he could properly have been convicted of promoting prostitution in the fourth degree, a class A misdemeanor where age is not an element of the crime at all.
 

 Section 110.00 of the Penal Law states that "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.” In other words, an attempt is an act done with an intent to commit some other crime. As we noted in
 
 People v Bracey
 
 (41 NY2d 296, 299), the theory is that although the defendant may have failed in the purpose, the conduct can be treated as a crime in itself if carried far enough to cause a sufficient risk of harm. In order to prove an attempt, it is necessary to establish (1) that the defendant had the intent to commit a specific offense; and (2) that the defendant engaged in some affirmative act to carry out that intent
 
 (id.,
 
 at 300;
 
 see also, People v Moran, 123
 
 NY 254, 257).
 

 In this case, it was reasonable for the jury to conclude that the defendant had intended to encourage the officer to engage in prostitution. The only remaining question is whether the defendant’s mistake as to the true age of the officer should negate his culpability where, but for her age, his conduct
 
 *384
 
 would otherwise constitute the completed offense of promoting prostitution in the second degree. We conclude that it does not.
 

 In reaching this conclusion, we are guided by the clear language of section 110.10 of the Penal Law, that where a person engages in conduct that otherwise constitutes an attempt, "it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be.” The defendant did all that was necessary to complete the crime of promoting prostitution in the second degree and would have been guilty of the completed crime if the attendant circumstances had been as he believed them to be, that is, if the officer had been 15 instead of 24. The defendant’s mistake in that respect should not block his conviction for the attempt where it is the sole obstacle to his conviction for the completed crime.
 

 Defendant contends, however, that attempted promoting of prostitution in the second degree is a nonexistent crime because it makes criminal the causing of an unintended result in violation of this court’s recent holding in
 
 People v Campbell
 
 (72 NY2d 602). The defendant cites Penal Law § 15.20 (3), which provides that with respect to any statute involving an offense in which the age of a child is an element, "knowledge by the defendant of the age of such child is not an element of any such offense and it is not * * * a defense to a prosecution therefor that the defendant did not know the age of the child or believed such age to be the same as or greater than that specified in the statute.” The defendant argues that his belief as to the victim’s age should not have been a factor in considering his liability for the attempt because section 15.20 (3) has made knowledge of the victim’s age irrelevant when considering liability for the completed crime. He maintains that to allow the knowledge factor to enter into a determination of his liability for a mere attempt would result in an impermissible "engrafting” of a knowledge element onto the attempt crime where no such element is contained in the completed crime. Defendant maintains that this would violate the clear language of Penal Law § 15.20 (3) and would run contrary to this court’s reasoning in
 
 Campbell.
 

 We do not agree. In
 
 Campbell,
 
 this court reversed a defen
 
 *385
 
 dant’s conviction for attempted assault in the second degree, holding that because Penal Law § 120.05 imposed strict liability for an unintended injury, the defendant could not be convicted of attempting this offense. "Because the very essence of a criminal attempt is the defendant’s intention to cause the proscribed result, it follows that there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended”
 
 (People v Campbell, supra,
 
 at 605). The difference between this case and
 
 Campbell,
 
 however, is that in
 
 Campbell,
 
 there was a congruence between the strict liability element and the proscribed result of the actor’s criminal conduct. Penal Law § 120.05 punishes behavior that leads to a specific category of injury, namely, injury to a peace officer, police officer, fireman, paramedic or emergency medical technician, regardless of whether the actor actually intends to cause that injury
 
 (People v Campbell, supra,
 
 at 606). Section 120.05 looks to a certain result and attaches strict liability whenever that result is produced.
 

 This case, on the other hand, requires us to consider a statute the strict liability element of which attaches not to the proscribed result of the criminal conduct, the promoting of prostitution, but to an aggravating circumstance that makes the actor’s conduct felonious, namely, the age of the victim. Penal Law § 230.30 requires that a person act knowingly to promote prostitution before liability will be imposed. In this case, the defendant’s belief that his intended victim was 15 instead of 24 in no way negated his knowledge that he was acting to promote prostitution, which is the core conduct prohibited by the statute. Thus, under the facts of this case, where a defendant’s mistake relates to an aggravating element of the offense, and not to the core conduct that is proscribed by the statute, such mistake does not affect the defendant’s ability to act with the mental culpability required to complete the underlying offense and thus is no obstacle to his conviction for an attempt of that offense.
 

 We have considered the remainder of the defendant’s arguments and find them to be unpreserved. Accordingly, the order of the Appellate Division should be affirmed.
 

 Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed.