OPINION OF THE COURT
Bellacosa, J.
The issue on this appeal is the viability of prosecuting this defendant for the crime of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]; § 265.01 [1]), which is predicated on defendant’s actual possession. Defendant appeals by leave of a Judge of this Court from an order of the Appellate Division, which reversed, on the law, a judgment of Supreme Court dismissing the indictment.
Relying on People v Campbell (72 NY2d 602), Supreme *341 Court ruled that the crime of weapons possession is a strict liability offense, such that the specific intent required for an "attempt” rendered any attempt prosecution legally impossible. The Appellate Division disagreed and reinstated the attempted weapons possession charge (200 AD2d 640).
We affirm the order of the Appellate Division and conclude that in the circumstances presented here, a person can criminally attempt to possess a weapon (see, Penal Law §§ 110.00, 265.02 [1]; § 265.01 [1]). Notwithstanding the strict liability nature of the underlying weapons possession offense, a defendant may legally and logically attempt to act in the manner proscribed by this penal statute — namely, to attempt to possess a weapon.
On December 30, 1991, police officers responded to a radio call regarding a possible attempted suicide at 49 Crown Street, Apartment 7E, in Kings County. Upon gaining entry to the apartment, the officers found defendant unconscious on a couch. A loaded revolver lay in open view on the table next to him. Defendant was taken to a hospital. While there, defendant asked a police officer whether the gun had been found. The officer answered in the affirmative. Defendant then volunteered his disappointment by stating that, "I wanted to kill the * * * D.A.” A ballistics test eventually revealed that the gun was inoperable. Defendant, who had previously been convicted of a crime, was charged with attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]).
Our analysis begins with a consideration of the relevant weapons possession crimes and the undergirding policies relating to criminal culpability for an attempt of weapons possession crimes. Guilt for criminal possession of a weapon in the third degree may occur when a person "commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01, and has been previously convicted of any crime” (Penal Law § 265.02 [1]). Criminal possession of a weapon, fourth degree, in turn, occurs when a person "possesses any firearm” (Penal Law § 265.01 [1] [emphasis added]; see also, Penal Law § 265.00 [3]).
"Possession,” as part of the forbidden act, includes the Penal Law definitional component of " '[voluntary act,’ ” which incorporates the attribute of awareness of the possession or control (Penal Law § 15.00 [2]). Thus, the corpus delicti *342 of weapons possession under Penal Law § 265.01 (1) is the voluntary, aware act of the possession of a weapon, with the additional feature of operability of the firearm (see, People v Ansare, 96 AD2d 96, 97, citing People v Grillo, 15 AD2d 502, affd 11 NY2d 841).
Any attempt may occur "when, with intent to commit a crime [a person] engages in conduct which tends to effect the commission of such crime” (Penal Law § 110.00 [emphasis added]). An attempt is, therefore, an act done with the specific intent to commit some other crime (Penal Law § 110.00; People v Coleman, 74 NY2d 381, 383). We and the Legislature have also prescribed that "[i]t is no defense that, under the attendant circumstances, the crime was factually or legally impossible of commission, 'if such crime could have been committed had the attendant circumstances been as such person believed them to be’ ” (People v Dlugash, 41 NY2d 725, 735; People v Coleman, supra, at 384; see also, Penal Law § 110.10). Another important, countervailing nuance declares that because the "very essence of a criminal attempt is the defendant’s intention to cause the * * * result [proscribed by penal statute], * * * there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended” (People v Campbell, 72 NY2d 602, 605, supra [emphasis added]).
Focusing essentially on the quoted language in Campbell, appellant argues that any attempt of the weapons possession crime at issue here is legally impossible, because (1) the crime lacks a specific articulated mental state (see, Penal Law § 265.02 [1]; § 265.01 [1]); and (2) the additional element of the crime — operability of the firearm — is a strict liability element. Appellant particularly contends that because this weapons possession charge is a strict liability offense, the specific intent required for an attempt is always incompatible and incongruent with the fact that the commission of the completed underlying crime does not require an intent component. We disagree.
The strict liability nature of this category of weapons possession crime does not logically, statutorily, or policy-wise absolutely preclude the potentiality of any attempt prosecution for all classes of this criminal conduct. Defendant’s argument ignores (1) the distinctive, discrete limited category of crimes to which Campbell refers and to which its analysis applies; (2) our more nuanced interrelated precedents which *343 have recognized attempts as being legally cognizable, notwithstanding the existence of strict liability components of the underlying crime; (3) the policy principles supporting the Legislature’s penological recognition of the attempt classification of crimes generally; and (4) the legislative policies specifically targeting weapons possession crimes and seeking to prophylactically intercept the possession and use of weapons in an inordinately armed society.
Contrary to defendant’s contention, the specific intent required to commit an attempt is not, under all circumstances, incompatible with recognizing penal responsibility for an attempt to commit a strict liability offense. Defendant’s and Supreme Court’s reliance on People v Campbell (72 NY2d 602, supra) is misplaced. In Campbell, we held that an attempt is legally impossible when the underlying crime imposes responsibility for causing a wholly unintended result (id., at 605). Campbell turned on whether the crime of attempted assault in the second degree was a legal impossibility (id., at 603-604). Assault, second degree, is defined to occur when "[w]ith intent to prevent a * * * police officer [or other emergency personnel] * * * from performing a lawful duty, [a person] causes physical injury to such * * * officer” (Penal Law § 120.05 [3] [emphasis added]; People v Campbell, supra, at 604 [emphasis added]). Finding that the underlying crime imposed strict liability for a result — causing injury — we held that an attempt for such a crime could not exist because culpability would be imposed even if the resulting injury were "wholly unintended” (id., at 604-605).
The "result-based” culpability crime at issue in Campbell, and the kinds of "result” crimes to which its analysis pertains, are not at issue here. The weapons possession crime in the instant case is not such a result-based crime — its definition contains no "result” component. Rather, the underlying weapons possession crime here proscribes particular conduct — the act of possessing an operable firearm. Campbell does not support the broader proposition defendant presents — namely, that the strict liability nature of a crime, per se, precludes an attempt prosecution (see, People v Campbell, supra, at 604-605). Consequently, this Court sees no justification here for creating a per se bar to even the prosecution itself for attempted criminal possession of a weapon when the possession is predicated on direct conduct.
We emphasize that constructive, attributive possession cir *344 cumstances are not governed by the attempt analysis we apply to this case. The elemental "aware[ness]” definition of possession encompasses "innumerable varied circumstances [including] actual, implied, inferred, and presumed possession” (2 Groble, Criminal Law in New York § 43:03 [Callaghan 3d ed]; see also, Penal Law § 15.00 [2]; § 265.15). Thus, while numerous, varied types of conduct by a criminal actor — intentional, knowing, nonintentional, implied, inferred and constructive — may qualify as an "aware[ness]” necessary to constitute the "possession” defining the underlying crime, they may not all theoretically qualify for attempt prosecutions (see, Penal Law § 15.00 [2]).
Also unavailing is defendant’s argument that the crime of attempted criminal weapons possession is a legal impossibility because it includes an element of intent that the underlying crime does not require (see, People v Campbell, supra, at 606-607). While isolated language in Campbell may be read more broadly to breathe a modicum of vitality into this argument (id., at 606-607, n 3; but see, CPL 1.20 [37]), careful analytical appreciation and application of the ratio decidendi, as we have earlier indicated, do not sustain the result defendant urges under the particular circumstances of this case and under this classification of attempted weapons possession. Indeed, Coleman, decided after Campbell, illustrates the additional nuance that lack of an intent element in the underlying crime of promoting prostitution — a "knowing” culpable mental state crime — does not render all attempt prosecutions a legal impossibility (see, People v Coleman, 74 NY2d 381, 384-385, supra).
Finally, long-standing penological policies underlying the recognition of attempt responsibility also support the carefully calibrated rationale and result we reach in this case. The premise of the Legislature’s recognition of attempt culpability is that an actor’s objectives and actions, though failing to achieve a desired goal, "constitute a danger to organized society of sufficient magnitude to warrant the imposition of criminal sanctions” (see, People v Dlugash, 41 NY2d 725, 726, supra; see also, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 110.00, at 412).
The proven state of an actor’s mental framework provides the basis for determining potential for and punishable dangerousness of acts in their attempt stage (People v Dlugash, 41 NY2d 725, supra; see also, Penal Law § 110.10). When a *345 defendant, such as appellant in this case, intends to possess a weapon with the requisite underlying awareness — indeed, with a particular target and victim — then defendant’s mental "frame of reference” presents a danger which the Legislature sought to deter, prohibit and punish by providing for that kind of attempted criminal culpability. This case should, therefore, be allowed to proceed to trial.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
Order affirmed.