Simons, J.
(dissenting). Attempted robbery in the first degree is a nonexistent crime, in my view, and the Appellate Division correctly reduced defendant’s conviction to attempted robbery in the third degree. The result is required by the reasoning expressed in People v Campbell (72 NY2d 602) and contrasted in People v Coleman (74 NY2d 381) and People v Saunders (85 NY2d 339).
A person may be guilty of attempting a crime "when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime” (Penal Law § 110.00 [emphasis added]). In People v Campbell we said "an attempt to commit a crime consists of an intent to bring about the result which the particular law proscribes and, in addition, an act in furtherance of that intent” (People v Campbell, 72 NY2d, at 605, supra [emphasis added]). The statute in Campbell had two discrete elements: (1) while intending to interfere with a police officer’s performance of a lawful duty; (2) defendant caused physical injury to an officer. The first element requires specific intent; the second is an unintended result of the intentional conduct. "Because the very essence of a criminal attempt is the defendant’s intention to cause the proscribed result”, we said "it follows that there can be no attempt to commit a crime which makes the cause of a certain result criminal even though wholly unintended” (id.).
The statute in question in this case is similarly structured to the statute in Campbell: it imposes criminal liability when a person: (1) forcibly steals property; and (2) causes serious injury to a nonparticipant during the commission of or flight from the crime (Penal Law § 160.15 [1]). The distinction between Campbell and this case is that in Campbell, the whole of the *220 defendant’s criminal liability turned on the unintended result, while here, the enhanced liability turns on the unintended result. Where a crime is enhanced by the occurrence of an unintended result, the predicate crime may be attempted, but the enhanced crime cannot. Thus, while there is no doubt that defendant attempted robbery in the third degree, he could not have attempted the enhanced crime of robbery in the first degree because the enhanced liability is imposed solely by defendant having caused serious injury to a nonparticipant, an unintended result that could not have been attempted.
The majority distinguish this case from Campbell "[bjecause strict liability attaches to an aggravating circumstance rather than the proscribed result” (majority opn, at 218). To my mind, it is a distinction without a difference; robbery in the first degree proscribes two results — the stealing of property, and the causing of an injury. While a defendant may intend and attempt the first result, he cannot intend, and therefore cannot attempt, the second.
The majority rely on People v Coleman (74 NY2d 381, supra) for the proposition that one can be guilty of attempt when an aggravating circumstance is one of strict liability. In Coleman, however, the aggravating circumstance was not an unintended result, but was a strict liability element of which defendant was mistaken — the age of the person whose prostitution he was promoting. We expressly distinguished that aggravating circumstance from one "which attaches * * * to the proscribed result of the criminal conduct” (People v Coleman, 74 NY2d, at 385, supra). Thus, the fact that the causing of injury is an aggravating circumstance is not controlling — it is the nature of the aggravating circumstance that requires analysis, and when that aggravating circumstance is causing an unintended result, the enhanced crime cannot be attempted.
In People v Saunders (85 NY2d 339, supra), we held that defendant could attempt the crime of criminal possession of a weapon in the third degree, a strict liability offense. We distinguished Campbell on the basis that attempt liability did not turn on whether the attempted crime was one of strict liability, but on whether the crime purportedly attempted proscribed an unintended result (People v Saunders, 85 NY2d, at 343, supra). We expressly recognized that there is a "distinctive, discrete limited category of crimes to which Campbell refers and to which its analysis applies” (id., at 342). The instant case belongs to that category (see also, People v Esquilin, 159 AD2d 632, lv denied 76 NY2d 734 [attempted kidnap *221 ping in the first degree (Penal Law § 135.25 [3]) is a nonexistent crime]).
It is worth noting that there is a vehicle for charging defendant with a crime of equal severity to that sought here. The conduct for which defendant was convicted upon a count of attempted robbery in the first degree is the exact conduct proscribed by felony assault in the first degree. Section 120.10 (4) of the Penal Law provides:
"A person is guilty of assault in the first degree when: * * *
"In the course of and in furtherance of the commission or attempted commission of a felony or of immediate flight therefrom, he, or another participant if there be any, causes serious physical injury to a person other than one of the participants” (emphasis added).
This section imposes the C felony liability that would be imposed for attempted robbery in the first degree (see, Penal Law §§ 160.15, 110.05 [4]).
In my view, concluding that attempted robbery in the first degree is a cognizable crime is contrary to the controlling analysis of People v Campbell, and has no purpose or effect other than to excuse the People for failing to charge defendant with felony assault. Accordingly, I would affirm the order of the Appellate Division.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith and Levine concur with Judge Ciparick; Judge Simons dissents and votes to affirm in a separate opinion.
Order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the opinion herein.