OPINION OF THE COURT
 

 Bellacosa, J.
 

 The dispositive issue is whether attempted kidnapping in
 
 *692
 
 the first degree is a cognizable crime in the circumstances of this case under the governing statutes and precedents (Penal Law § 135.25 [3]; § 110.00;
 
 People v Miller,
 
 87 NY2d 211 [1995];
 
 cf., People v Campbell,
 
 72 NY2d 602 [1988]). The Appellate Division held, as a matter of law, that the crime was not cognizable, citing only
 
 Campbell.
 
 A Judge of this Court granted leave to appeal to the People, and to the defendant on a discrete issue that ultimately is subsúmed in the decision on the People’s appeal.
 

 We conclude that the conviction for attempted kidnapping in the first degree qualifies as a cognizable offense in this case. Therefore, the order of the Appellate Division should be modified by reinstating defendant’s conviction in relation to the affected charges; as so modified, the order should be affirmed; and the matter should now be remitted to the Appellate Division for the discrete consideration of the facts on the reinstated counts (CPL 470.25 [2] [d]; 470.40 [2] [b]).
 

 Defendant Fullan hired Cepeda and Esquilin to abduct Alpert, a business associate of Fullan’s. Alpert held promissory notes representing a $150,000 obligation owed by Fullan to Alpert. The plot called for Cepeda and Esquilin to kidnap Alpert, take him to a specified location, and kill him. When they tried to abduct him and force him at gunpoint into a large refrigerator, Alpert struggled and the culprits’ gun fired, hitting Alpert. Esquilin then shot Alpert twice more, a coup de grace that killed Alpert. Fullan, who was present throughout, then took the promissory notes from Alpert’s body.
 

 Fullan was tried with Esquilin. Each was convicted of three counts of murder in the second degree, comprised of one count of intentional murder (Penal Law § 125.25 [1]) and two counts of felony murder (Penal Law § 125.25 [3]), the underlying felonies being attempted kidnapping in the first degree and robbery in the first degree. Guilty verdicts were also returned for attempted kidnapping in the first degree (Penal Law § 135.25 [3]; § 110.00), and robbery in the first degree (Penal Law § 160.15).
 

 Codefendant Esquilin appealed first and separately in 1990. The Appellate Division relying on
 
 People v Campbell
 
 (72 NY2d 602, supra) modified his judgment of conviction by reversing the counts for attempted kidnapping in the first degree and for the felony murder charge predicated on attempted kidnapping in the first degree. The court dismissed these counts of the indictment against him as a matter of law
 
 (People v Esquilin,
 
 159 AD2d 632,
 
 lv denied
 
 76 NY2d 734 [1990]).
 

 
 *693
 
 After the Appellate Division decision in Esquilin’s case, but prior to Fullan’s intermediate appellate court review, this Court decided
 
 People v Miller
 
 (87 NY2d 211,
 
 supra)
 
 which on refined analysis, distinguished
 
 Campbell (supra).
 
 We held in
 
 Miller
 
 that attempted robbery in the first degree (Penal Law §§ 160.15,110.00) is a legally cognizable crime in circumstances similar to those presented here. The Appellate Division in the instant case, without mentioning
 
 Miller,
 
 nevertheless gave defendant Fullan the same relief, as a matter of law, that it had granted his codefendant Esquilin seven years earlier (237 AD2d 619 [1997]).
 

 As primary appellant now before this Court, the People argue that, under
 
 Miller’s
 
 reasoning, attempted kidnapping in the first degree is a legally sustainable and cognizable crime. On the cross appeal, defendant Fullan not only presses that the Appellate Division correctly determined what we view as the
 
 Miller
 
 issue, but also that the trial court committed reversible error when it instructed the jury on the “nonexistent” crime of attempted kidnapping in the first degree. In this respect, Fullan seeks from this Court greater relief than he received from the Appellate Division. He now wants an order directing a new trial on the remaining counts.
 

 We address the People’s main appeal first. In
 
 Miller,
 
 this Court reasoned that the essence of the crime of robbery is forcible stealing, and that the commission of that core crime may be elevated in degree by aggravating circumstances which reflect or render probable a greater degree of harm flowing from commission of the core crime
 
 (see,
 
 Penal Law §§ 160.05, 160.10, 160.15). The forbidden result is the robbery, and the culpable mental state is tied to that core crime; strict liability attaches only to the aggravating circumstances
 
 (see, People v Miller, supra,
 
 at 216-218;
 
 see also, People v Coleman,
 
 74 NY2d 381).
 
 Miller
 
 further noted that the framework of the robbery statute distinguishes Penal Law § 160.15 from Penal Law § 120.05 (3), the statute discretely at issue in the earlier
 
 Campbell
 
 decision.
 

 The construction of Penal Law § 135.25 (3), at issue here, parallels the interpretation given to Penal Law § 160.15 in
 
 Miller (supra).
 
 Penal Law § 135.25 (3) is, moreover, distinguishable from the statute at issue in
 
 Campbell (supra),
 
 just as
 
 Miller
 
 as a case is distinguishable from
 
 Campbell.
 

 Penal Law § 135.25 (3) provides that “[a] person is guilty of kidnapping in the first degree when he abducts another person
 
 *694
 
 and when: * * * 3. The person abducted dies during the abduction or before he is able to return or to be returned to safety.” The core crime here is undeniably the abduction of another person. It is that to which the culpable mental state adheres. Thus, the conduct tending to effect the abduction constitutes the attempt. The death of the victim need not be intended; that additional attribute is the strict liability aggravating circumstance which elevates the severity of the already egregious crime of kidnapping to first degree.
 

 The logic and rationale of
 
 Miller (supra),
 
 thus, ineluctably control, and dictate this Court’s further conclusion that attempted kidnapping in the first degree qualifies as a cognizable crime in these circumstances. Therefore, the Appellate Division should not, as a matter of law, have disqualified and nullified that count and its associated felony murder count.
 

 This analysis and determination of the People’s appeal render academic the subsumed cross appeal by Fullan in this case, in which he claimed a related jury instructional error and sought a new trial. There was no such error by the trial court.
 

 Accordingly, the order of the Appellate Division should be modified, by reinstating defendant’s conviction for attempted kidnapping in the first degree and murder in the second degree under count two of the indictment, and by remitting to the Appellate Division for further proceedings pursuant to CPL 470.25 (2) (d); 470.40 (2) (b), and, as so modified, the order should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley and Rosenblatt concur; Judge Levine taking no part.
 

 Order modified by reinstating defendant’s conviction for attempted kidnapping in the first degree and murder in the second degree under count two of the indictment and remitting to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.