OPINION OF THE COURT
Marianne Furfure, J.
Defendant has been charged in this indictment with two counts of felony driving while intoxicated (DWI), one count of aggravated unlicensed operation of a motor vehicle in the first degree, two counts of attempted felony DWI, one count of attempted aggravated unlicensed operation of a motor vehicle in the first degree, and one count of unauthorized use of a motor vehicle as a misdemeanor. Defendant moved for disclosure of the Grand Jury minutes and dismissal of the indictment on the ground that the evidence presented to the Grand Jury was not legally sufficient to establish the offenses charged or any lesser included offense. Defendant also sought dismissal of counts four, five and six of the indictment on the basis that it is not legally possible to commit the crimes of attempted DWI or attempted aggravated unlicensed operation. The court reserved decision on these applications.
After a thorough review of the Grand Jury minutes and relevant case law, the court finds that the evidence presented to the Grand Jury with respect to counts one, two and three was legally sufficient to establish those crimes. Therefore, defendant’s application for disclosure of the Grand Jury minutes and dismissal of those counts of the indictment is hereby denied.
Counts four, five and six charge the defendant with the crimes of attempted driving while intoxicated (Penal Law § 110.00; Vehicle and Traffic Law § 1192 [2], [3]) and attempted aggravated unlicensed operation of a motor vehicle in the first degree. The evidence presented to the Grand Jury was that, after driving his own vehicle into a ditch, defendant jumped into a vehicle parked in a neighbor’s driveway and attempted to start the vehicle. The vehicle’s owner testified that he heard the engine crank but the vehicle did not start. When questioned by the owner, defendant stated that he intended to use this ve *183 hiele to pull his own vehicle out of the ditch. There was also testimony that defendant was intoxicated at the time.
The People argue that because there was proof that defendant intended to operate the neighbor’s vehicle on a public highway when he attempted to start the vehicle and that he was intoxicated at the time, there is sufficient evidence to support a conviction for attempted driving while intoxicated and attempted aggravated unlicensed operation of a motor vehicle. The defendant argues that it is legally impossible to attempt to operate a vehicle in an intoxicated condition.
To be guilty of an attempt to commit a crime, the People must prove that the defendant engaged in conduct which tends to effect the commission of a crime, and that defendant did so with the intent to commit that crime (Penal Law § 110.00). In this case, there is no question that defendant engaged in conduct which would tend to place the vehicle on a public highway, but for the fact that he could not start the car (People v Marriott, 37 AD2d 868). However, the issue is whether defendant could intend to commit the crime of driving while intoxicated.
The Court of Appeals has ruled that it is legally impossible to attempt to commit a crime which makes the causing of a certain result criminal regardless of whether the result was intended (People v Campbell, 72 NY2d 602). Other courts have ruled that it is not possible to attempt to commit a crime which does not require specific intent (People v Burress, 122 AD2d 588; People v Williams, 40 AD2d 1023). The People argue that one must intend to operate a motor vehicle in order to be convicted of driving while intoxicated and that this is the specific intent required to satisfy an attempt conviction. However, the core conduct which is punishable as a crime is not the operation of a motor vehicle, but the operation of a motor vehicle while in an intoxicated condition. It is not necessary to prove that one intended to become intoxicated. Vehicle and Traffic Law § 1192 (3) makes criminal the operation of a motor vehicle while in an intoxicated condition, regardless of whether the defendant intended to drive while intoxicated or whether defendant even knew he was intoxicated when he operated the vehicle. As a result, driving while intoxicated is a strict liability crime. The element of intent to which the People refer relates not to the result proscribed by the statute, driving while intoxicated, but to defendant’s circumstances which make the defendant strictly liable, his intention to operate the vehicle on the highway (accord, People v Campbell, 72 NY2d 602, 605). As *184 the element of intoxication which makes criminal otherwise acceptable behavior does not require proof of a specific intent, one cannot be convicted of an attempt to commit the crime of driving while intoxicated (cf., People v Coleman, 74 NY2d 381).
This same analysis applies to all three charges in this indictment involving attempted operation of a motor vehicle while intoxicated. Therefore, defendant’s application to dismiss counts four, five and six of the indictment is granted.
Count seven charges defendant with unauthorized use of a motor vehicle in the third degree (Penal Law § 165.05). This offense requires proof that the defendant, knowing that he did not have the owner’s consent, took, operated, exercised control over, rode in or otherwise used the owner’s vehicle. In this case there was proof that the defendant was seated in the driver’s side of the vehicle and that he attempted to start the truck but was interrupted by the vehicle’s owner. The owner testified that the vehicle had no choke, but was operable.
To sustain a conviction for unauthorized use of a motor vehicle, the People are not required to prove that defendant actually placed the vehicle in motion (People v McCaleb, 25 NY2d 394). However, breaking into another’s car and “momentary presence” therein, without obtaining the means to set the car in motion, does not constitute “use” in the sense of domain and control over the vehicle (People v Gray, 154 AD2d 547). One exercises control over an operable vehicle, by attempting to place the key in the ignition (People v Roby, 39 NY2d 69).
Therefore, in this case the evidence before the Grand Jury was sufficient to support a prima facie showing of unauthorized use of a motor vehicle in the third degree. Defendant’s motion to review the Grand Jury minutes and dismiss count seven is hereby denied.