[704 NYS2d 410]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NORTON U. PRESCOTT, 2D, Respondent.

Fourth Department, February 16, 2000

**APPEARANCES OF COUNSEL**

*John C. Tunney, District Attorney* of Steuben County, Bath, for appellant.

*Shults & Shults,* Hornell (*John D. Merry* of counsel), for respondent.

**OPINION OF THE COURT**

SCUDDER, J.

In this case of first impression in this State, the People appeal from an order of County Court that granted that part of defendant's motion seeking to dismiss those counts of the indictment charging defendant with attempted driving while intoxicated per se (Penal Law § 110.00; Vehicle and Traffic Law § 1192 [2]), attempted driving while intoxicated (Penal Law § 110.00; Vehicle and Traffic Law § 1192 [3]) and attempted aggravated unlicensed operation of a motor vehicle in the first degree (Penal Law § 110.00; Vehicle and Traffic Law § 511 [3] [a]). The issue presented is whether those offenses are legally possible. We conclude that they are.

On November 13, 1998, after defendant drove his vehicle off the road, he attempted to start his neighbor's vehicle, which was parked in the neighbor's driveway. The neighbor was awakened by the noise; as he approached the vehicle, he observed defendant in the front seat, with the keys in the ignition, attempting to start the vehicle. The vehicle was operable but difficult to start, and defendant had not succeeded in starting it. When confronted by the neighbor, defendant said that

he wanted to use the neighbor's vehicle to pull his own vehicle out of the ditch. He then left the neighbor's residence on foot. With respect to the operation of his own vehicle, defendant was charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]). With respect to the neighbor's vehicle, defendant was charged with the crimes that are the subject of this appeal.

■ County Court properly determined that driving while intoxicated is a strict liability crime, but erred in determining, based upon *People v Campbell* (72 NY2d 602, 605), that it is legally impossible to attempt the crime of driving while intoxicated. In *Campbell*, defendant was convicted of, *inter alia*, two counts of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]). While in the process of being arrested, defendant caused injury to two police officers (*see, People v Campbell, supra,* at 603). The order of the Appellate Division was reversed insofar as appealed from and those counts dismissed because the Court determined that the statute proscribes the result of defendant's actions, the injury to police officers, even if the result was unintended. The Court reasoned that "there can be no attempt to commit assault, second degree (Penal Law § 120.05 [3]), since one cannot have a specific intent to cause an unintended injury" (*People v Campbell, supra,* at 605).

We conclude that the crime of driving while intoxicated is a strict liability crime not because it proscribes a result, even if *unintended* as in *Campbell*, but because it proscribes particular *conduct* (*see, People v Saunders,* 85 NY2d 339, 343). In *Saunders*, defendant was indicted on a charge of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]) because the gun that he possessed was not operable, a required element of the crime of criminal possession of a weapon in the third degree (*see, People v Longshore,* 86 NY2d 851, 852). The Second Department reversed Supreme Court's order dismissing the indictment and reinstated the indictment (*People v Saunders,* 200 AD2d 640). The Court of Appeals affirmed, determining that although criminal possession of a weapon is a strict liability crime, it proscribes particular conduct, i.e., possession of a weapon, and thus is distinguishable from the " 'result-based' culpability crime at issue in *Campbell*" (*People v Saunders, supra,* at 343). The Court reasoned that "the specific intent required to commit an attempt is not, under all circumstances, incompatible with

recognizing penal responsibility for an attempt to commit a strict liability offense" (*People v Saunders, supra,* at 343).

The same reasoning applies to the crime of driving while intoxicated. "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). The crime of driving while intoxicated does not contain a *mens rea* element, per se. However, there is some requirement of mental culpability because operation of a motor vehicle requires an intent on the part of the driver to operate the vehicle (*see, People v Totman,* 208 AD2d 970, 971; *cf., People v O'Connor,* 159 Misc 2d 1072, 1073). A person's culpable mental state is inferred " 'from the defendant's conduct and the surrounding circumstances' " (*People v Bracey,* 41 NY2d 296, 301). The crime of driving while intoxicated is "predicated on direct conduct" (*People v Saunders, supra,* at 343), i.e., the operation of a motor vehicle on a public highway in an intoxicated condition. As such, it is a strict liability crime that is "[compatible] with recognizing penal responsibility for an attempt" (*People v Saunders, supra,* at 343).

With respect to driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), we recognize that Vehicle and Traffic Law § 1194 provides, *inter alia,* that a person who operates a motor vehicle in violation of section 1192 is subject to field or chemical testing. Because the issue is not raised on this appeal, we do not determine whether a person charged with attempted driving while intoxicated is subject to the requirements and sanctions of Vehicle and Traffic Law § 1194.

█ Unlike the crime of driving while intoxicated, the crime of aggravated unlicensed operation of a motor vehicle in the first degree explicitly requires mental culpability, and thus a different analysis applies. A person is guilty of aggravated unlicensed operation of a motor vehicle in the first degree when he operates such motor vehicle while knowing or having reason to know that his license or privilege to operate such motor vehicle is suspended or revoked and, *inter alia,* he is operating a motor vehicle while under the influence of alcohol or drugs.

The core crime, i.e., the operation of a motor vehicle with knowledge or reason to know that the privilege to do so has been suspended or revoked, requires mental culpability. The elements of the offense that make it a strict liability crime are the aggravating circumstances that elevate the severity of the crime (*see, People v Fullan,* 92 NY2d 690, 693-694; *People v Miller,* 87 NY2d 211, 217). In *Fullan,* defendant was convicted

of attempted kidnapping in the first degree (Penal Law §§ 110.00, 135.25 [3]). The victim was killed when the codefendants attempted to force him into a refrigerator for the purpose of abducting him. The Court determined that the core requirement of kidnapping is the abduction of the victim and that the aggravating circumstance of the death makes it a strict liability crime (*see, People v Fullan, supra,* at 694). Likewise, with respect to the offense of aggravated unlicensed operation in the first degree, "[b]ecause strict liability attaches to an aggravating circumstance rather than the proscribed [act], it is not the case that [defendant] is being punished for an unintended criminal act" (*People v Miller, supra,* at 218; *cf., People v Campbell, supra,* at 605).

Because "defendant's mental 'frame of reference' presents a danger which the Legislature sought to deter, prohibit and punish by providing for that kind of attempted criminal culpability" (*People v Saunders, supra,* at 345), we conclude that the offenses of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]) are compatible with the attempt statute (Penal Law § 110.00). Accordingly, the order should be reversed, the motion denied, counts four, five and six of the indictment reinstated and the matter remitted to Steuben County Court for further proceedings on the indictment.

GREEN, A. P. J., HURLBUTT and LAWTON, JJ., concur.

Order unanimously reversed, on the law, motion denied, counts four, five and six of the indictment reinstated and matter remitted to Steuben County Court for further proceedings on the indictment.