**[J-94-2016][M.O. – Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,   :   No. 7 EAP 2016
  :
            Appellant   :   Appeal from the Judgment of Superior
  :   Court entered on 6/15/15 at No. 2774
      v.   :   EDA 2013 (reargument denied 8/7/15)
  :   affirming the order entered on 8/27/13 in
  :   the Court of Common Pleas
DARRELL MYERS,   :   Philadelphia County, Criminal Division
  :   at No. MC-51-CR-0052681-2012
            Appellee   :
  :
  :   ARGUED: September 14, 2016

*CONCURRING OPINION*

**CHIEF JUSTICE SAYLOR**                                 **DECIDED: July 19, 2017**

I agree with the affirmance of the Superior Court but on materially different grounds.

**I.**

As concerns the issue of statutory construction, my view of Section 1547 of the Vehicle Code, *see* 75 Pa.C.S. §1547, substantially aligns with that of Justice Mundy. *See* Dissenting Opinion, *slip op.* at 1-5. However, as to the constitutional aspect, I believe that the criminal penalties attached to a refusal to take a blood test render the statutory scheme in violation of the Fourth Amendment to the United States Constitution pursuant to the United States Supreme Court's decision in *Birchfield v. North Dakota*, __ U.S. __, 136 S. Ct. 2160 (2016) (finding unconstitutional an implied-consent statutory scheme permitting a blood draw where criminal sanctions were imposed for a refusal).

To Justice Mundy's well-reasoned statutory analysis, I would merely add that, as relates to the notion of voluntary consent, although there may be contrary views from the appellate courts of other jurisdictions, *see* Lead Opinion, *slip op.* at 21 (citing *Williams v. State*, 771 S.E.2d 373, 377 (Ga. 2015)), it seems to me that the voluntary act of operating a vehicle suffices to establish the initial consent to chemical testing. *See* 75 Pa.C.S. §1547(a). The United States Supreme Court has confirmed that consent inferred from context, rather than contemporaneous expression, is generally constitutional within the implied-consent framework. *See Birchfield*, __ U.S. at __, 136 S. Ct. at 2185 (citing *Florida v. Jardines*, 569 U.S. 1, __, 133 S. Ct. 1409, 1415-16 (2013); *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 313, 98 S. Ct. 1816, 1821 (1978)); *see also People v. Hyde*, 393 P.3d 962, 970 (2017) (Eid, J., concurring) ("In *Birchfield*, the Court reasoned that 'inferr[ing]' such consent to search is reasonable, essentially as a matter of law, from the statutory 'context.' . . . [T]he defendant is deemed by statute to have consented to BAC testing by virtue of driving on the roads, making irrelevant his inability to consent (due to his unconscious state) at the scene." (alteration in original) (quoting *Birchfield*, __ U.S. at __, 136 S. Ct. at 2185)).[1] Thus, it can be concluded here

---

[1] In rejoinder, the main opinion recounts a California appellate court's speculative concerns of implied consent principles being extended to improperly infringe other areas of protected privacy interests. *See* Lead Opinion, *slip op.* at 22 n.17 (quoting *California v. Arredondo*, 199 Cal. Rptr. 3d 563, at 577-78 (Cal. Ct. App.), *review granted and opinion superseded by* 371 P.3d 21 (Cal. 2016)). Such superficial comparisons disregard the unique context of implied consent laws, per which state legislatures are attempting to redress the intractable social ills associated with impaired driving. *See, e.g.*, *Birchfield*, __ U.S. at __, 136 S. Ct. at 2166 ("Drunk drivers take a grisly toll on the Nation's roads, claiming thousands of lives, injuring many more victims, and inflicting billions of dollars of property damage every year."). Indeed, such context serves as the basis for the Supreme Court having "referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply." *See id.* at __, 136 S. Ct. at 2185 (citing *Missouri v. McNeely*, __ U.S. __, __, 133 S. Ct. 1552, 1565-66 (2013) (plurality); *South Dakota v.* (continued…)

that Myers voluntarily consented to testing via his operation of the motor vehicle. *See* Dissenting Opinion, *slip op.* at 3.

## II.

As pertains to the constitutional aspect, I believe that *Birchfield* applies and requires suppression in this case.[2] *See Birchfield*, __ U.S. at __, 136 S. Ct. at 2185-86 ("It is another matter, however, for a State not only to insist upon an intrusive blood test, but also to impose criminal penalties on the refusal to submit to a test. There must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads. . . . [M]otorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense.").[3]

I realize that *Birchfield*'s application to situations involving unconscious motorists is not straightforward, given that criminal penalties attaching to a refusal may be viewed as of no import in a circumstance in which a person is unconscious and incapable of

---

(…continued)

*Neville*, 459 U.S. 553, 560, 103 S. Ct. 916, 920-21 (1983)). In this respect, courts have "recognized the *sui generis* nature of . . . comprehensive laws addressing the issue of drinking and driving." *People v. Harris*, 828 N.Y.S.2d 832, 845 (Rochester City Ct. 2006) (citing *People v. Prescott*, 745 N.E.2d 1000 (N.Y. 2001)), *judgment modified and remanded*, 870 N.Y.S.2d 859 (Monroe County Ct. 2008).

[2] Although I agree with the main opinion that this case does not present a "facial constitutional challenge" to the entire statutory scheme, Lead Opinion, *slip op.* at 30, Myers has disputed the constitutionality of a blood draw from an unconscious motorist, thus placing the issue before the Court. *See, e.g., Commonwealth v. Myers*, 118 A.3d 1122, 1124 (Pa. Super. Ct. 2015) (noting Myers' challenge pursuant to *Missouri v. McNeely*, __ U.S. __, 133 S. Ct. 1552 (2013)).

[3] As Justice Mundy correctly observes, the aggravated mandatory minimum penalties imposed pursuant to a refusal in Pennsylvania are criminal punishments for constitutional purposes. *See* Dissenting Opinion, *slip op.* at 8 n.8 (citing, *inter alia*, *Alleyne v. United States*, __ U.S. __, __, 133 S. Ct. 2151 (2013)).

refusing.  However, previously in its opinion, the Supreme Court had stressed its inclination in favor of a categorical rule, *see Birchfield*, __ U.S. at __, 136 S. Ct. at 2179-80, and I find that this preference may aid in explaining the Court's motivation for extending its holding to a scenario as to which its dispositive rationale might not otherwise apply.  *See id.* at __, 136 S. Ct. at 2184-85 ("It is true that a blood test . . . may be administered to a person who is unconscious (perhaps as a result of a crash) or who is unable to do what is needed to take a breath test due to profound intoxication or injuries.  But we have no reason to believe that such situations are common in drunk-driving arrests, and when they arise, *the police may apply for a warrant if need be*." (emphasis added)).  At least one other state supreme court has expressed a similar view, observing that, although the above quote from *Birchfield* arose in the search-incident-to-arrest analysis, the notion also reached to the implied-consent context.  *See North Carolina v. Romano*, __ S.E.2d __, __ n.9, 2017 WL 2492782, at *9 n.9 (N.C. June 9, 2017); *see also Hyde,* 393 P.3d at 968 ("[T]he [*Birchfield*] Court considered laws that impose criminal penalties on a driver's refusal to be going a step too far."); Devon Beeny, *An Alcohol Mindset in A Drug-Crazed World: A Review of Birchfield v. North Dakota*, 12 DUKE J. CONST. L. & PUB. POL'Y SIDEBAR 239, 248 (2017) ("[T]the Court . . . draws the line of 'unreasonable' conditions at criminalization . . .."  (citing *Birchfield*, __ U.S. at __, 136 S. Ct. at 2186)).

Justice Baer joins in full and Justice Donohue joins Part II of this concurring opinion.