OPINION OF THE COURT
Richard C. Failla, J.
The defendant, Kevin Doe, a 32-year-old male with no previous record of prior arrests or convictions, was arrested on October 5, 1986, at about 9:45 p.m. at 53rd Street and Second Avenue in New York County. He was charged with patronizing a prostitute in the third degree (Penal Law § 230.04). The accusatory instrument sworn to on that date reads as follows:
"Deponent states that she is informed by Undercover Officer #26358 (MALE UCO) that the defendant intentionally patronized a prostitute in that defendant intentionally solicited informant to engage in an unlawful sexual act, to wit, Fellatio for a sum of $15.00 USC.
"Deponent is also informed by the UC that the deft, believed the informant to be less than 17 years of age.”
By notice of motion, dated February 6, 1987, the defendant moved to dismiss the complaint pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a), contending that it is facially insufficient. The defendant correctly stated that there are three elements to the charge of patronizing a prostitute in the third degree which must be alleged and supported by factual allegations of an evidentiary nature supporting or tending to support the charge. Those three elements are: (1) that the defendant be over 21 years of age; (2) that he patronize a prostitute; and (3) that the prostitute be less than 17 years of age. It is clear from a reading of the complaint that the first and third elements were neither adequately pleaded nor supported by facts of an evidentiary nature.
The People responded to the defendant’s motion by filing a superseding information charging the defendant with patronizing a prostitute in the fourth degree (Penal Law § 230.03) and attempting to patronize a prostitute in the third degree (Penal Law §§ 110.00, 230.04). The superseding information reads as follows:
"Deponent states that the defendant, who is over twenty-one years in age, knowingly and unlawfully attempted to patronize a prostitute less than seventeen years in age, in that deponent observed the defendant solicit deponent to engage in sexual conduct, to wit fellatio, for a sum of $15 in United States currency.
*580 "Deponent further states that the defendant believed deponent to be less than seventeen years in age, in that deponent stated to defendant that deponent was fifteen years old.”
The superseding information is signed by Police Office Brian McAteer, shield No. 26358. It is obvious that by virtue of Officer McAteer’s membership on the New York City police force that he is not less than 17 years of age.
By filing the superseding information the People have cured the defects in their original accusatory instrument. The charge of patronizing a prostitute in the fourth degree is adequately alleged as Penal Law § 230.02 (1) (c) defines patronizing a prostitute in the following manner:
"1. A person patronizes a prostitute when * * *
"(c) He solicits or requests another person to engage in sexual conduct with him in return for a fee.”
Given the fact that the person alleged to have been solicited by the defendant is in fact older than 17 years of age, the People could not proceed with the charge of patronizing a prostitute in the third degree. The actual age of the person solicited is a critical element which distinguishes Penal Law § 230.03 from § 230.04. The latter section was part of a three-tiered statutory endeavor to take action against sexual exploitation of children as prostitutes by making the prostitute’s age a necessary element of the escalating degrees of the crime. This necessary element of the prostitute’s age cannot be read out of the statute by substituting an allegation as to the defendant’s belief regarding the prostitute’s age.
Under the circumstances alleged in the original accusatory instrument, impossibility would have been a complete defense to patronizing a prostitute in the third degree (both legally and factually) completion of this crime being precluded by the undercover officer's actual age. The undercover officer’s true age, as stated above, is one of the required elements of the crime. (See People v Dlugash, 41 NY2d 725 [1977], for a concise discussion of the history of the defenses of legal and factual impossibility.) However, impossibility is not a defense to an attempt to commit a crime. (Penal Law § 110.10;[2] People v Dlugash, supra, at 735.)
*581 Recognizing this, the People have dropped the charge of patronizing a prostitute in the third degree and added the charge of an attempt to patronize a prostitute in the third degree (Penal law §§ 110.00, 230.04). The allegation that the defendant believed the undercover officer to be less than 17 years of age, in that the officer stated to the defendant that the officer was 15 years old, sufficiently sets forth the elements of Penal Law §§ 110.00, 230.04. (People v Dlugash, supra, at 737; People v Leichtweis, 59 AD2d 383, 387 [2d Dept 1977]; People v Babits, 122 Misc 2d 6 [Sup Ct, Queens County 1983].) The defendant’s motion to dismiss the original accusatory instrument is therefore granted but is denied as applied to the superseding information.

. Penal Law § 110.10 — "If the conduct in which a person engages otherwise constitutes an attempt to commit a crime pursuant to section 110.00, it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be.”