OPINION OF THE COURT
Alfred Donati, Jr., J.
The defendant was arrested on May 1, 1988 at about 6:00 p.m. at 41st Street and Eighth Avenue in New York County. *81 He was charged with patronizing a prostitute in the fourth degree (Penal Law § 230.03) and with attempting to patronize a prostitute in the third degree (Penal Law §§ 110.00, 230.04). The accusatory instrument sworn on that date reads as follows:
"Deponent is informed by undercover officer, shield #21979, an officer in the New York City Police Department, that the defendant, who is over twenty-one (21) years of age, knowingly attempted to patronize a prostitute who is less than seventeen (17) years in age, in that informant observed the defendant solicit informant in a sexual act, to Wit: intercourse in exchange for which defendant would pay to informant a sum of $20.00, in United States currency.
"Deponent is further informed by informant that the defendant believed informant to be less than seven-teen (17) years in age, in that the informant told the defendant that informant is sixteen (16) years in age.”
Defendant moves to dismiss the complaint pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) contending that it is facially insufficient.
Defendant argues that the charge of attempt to violate Penal Law § 230.04 lacks an essential element in that violation of this section requires that the person solicited in fact be less than 17 years of age; that the decoy policewoman solicited incontrovertibly was older than 17 years of age; and that the defendant’s alleged belief as to the age of the undercover police officer is irrelevant. However, although defendant’s argument may be properly applicable to a charge of violation of Penal Law § 230.04 (see, People v Doe, 135 Misc 2d 578 [Crim Ct, NY County 1987]) that is not the charge here levelled against defendant. Rather, the charge here is of attempted patronizing a prostitute in the third degree. Penal Law § 110.10 provides that "it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be.” Thus it is the "attendant circumstances” as the defendant "believed them to be” that control (People v Duprey, 98 AD2d 110 [1st Dept 1983]; see also, People v Dlugash, 41 NY2d 725 [1977]), that is, the mental state of defendant is crucial to establishing commission of the offense charged. The court finds in the case at bar that the allegation *82 in the accusatory instrument that defendant believed informant to be less than 17 years of age in that informant told defendant that informant is 16, sufficiently sets forth the element of Penal Law §§ 110.00 and 230.04 at issue here. (See also, People v Doe, supra.)
Defendant further argues that the charge of "patronizing a prostitute” (Penal Law § 230.03) is fatally defective in that the undercover police officer was not in fact acting as "prostitute” at the time of the dealing with the defendant and that the police officer is not "another person” within the meaning of Penal Law § 230.02 which, it is argued, is directed solely at prostitutes. Such is not the state of the law. (People v Bailey, 108 Misc 2d 1075 [1981], revg 105 Misc 2d 772 [Crim Ct, Queens County 1980]; see also, People v Bronski, 76 Misc 2d 341 [Crim Ct, NY County 1973].)
Accordingly, defendant’s motion to dismiss the accusatory instrument is denied.