OPINION OF THE COURT
Memorandum.
Judgment of conviction, insofar as appealed from, affirmed.
The accusatory instrument charged defendant with, inter alia, stalking in the third degree (Penal Law § 120.50 [3]) and harassment in the first degree (Penal Law § 240.25). After a nonjury trial, defendant was found guilty of, as relevant to this appeal, attempted stalking in the third degree (Penal Law §§ 110.00, 120.50 [3]) and harassment in the first degree. This appeal ensued.
Contrary to defendant’s contention, the factual allegations of the accusatory instrument, insofar as it charged defendant with stalking in the third degree (Penal Law § 120.50 [3]) and harassment in the first degree (Penal Law § 240.25), adequately established every element of said offenses {see generally CPL 100.15, 100.40 [1]). In addition, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant’s guilt of attempted stalking in the third degree and harassment in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]).
On the issue of whether attempted stalking in the third degree is a legally cognizable offense, we conclude that it is.
“[W]here a penal statute imposes strict liability for creating an unintended result, an attempt to commit that crime is not a legally cognizable offense ... By contrast, where a penal statute imposes strict liability for committing certain conduct, an attempt is legally cognizable, since one can attempt to engage in conduct” (People v Prescott, 95 NY2d 655, 659 [2001] [citations omitted]).
The crime of third-degree stalking does not “impose! ] strict liability for creating an unintended result” (id.) — it does not predicate liability upon the (possibly unintended) result of harm experienced by the victim (cf. People v Campbell, 72 NY2d 602 [1988]). Rather, it imposes “strict liability for committing *120 certain conduct” (id.) — it predicates liability upon the intentional engaging in a “course of conduct” that is “likely” to inflict harm on the victim (see e.g. People v Vargas, 8 Misc 3d 113 [App Term, 2d & 11th Jud Dists 2005] [attempted endangering the welfare of a child is a legally cognizable offense, since it proscribes a particular conduct — the knowing acts likely to be injurious to a child’s welfare]). Thus, the crime of attempted stalking in the third degree (Penal Law §§ 110.00, 120.50 [3]) is not a legal impossibility.
Accordingly, the judgment of conviction, insofar as appealed from, is affirmed.
Weston, J.P, Golia and Rios, JJ., concur.