[944 NE2d 204, 918 NYS2d 766]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT APONTE, Appellant.

Argued January 6, 2011; decided February 10, 2011

*Legal Aid Society, Criminal Appeals Bureau*, New York City (*Jonathan Garelick* and *Steven Banks* of counsel), for appellant. I. Attempted stalking in the third degree under subdivision (3) of Penal Law § 120.50 is not a legally cognizable offense. (*People v Campbell*, 72 NY2d 602; *People v Lynn*, 115 Misc 2d 76; *People v Coleman*, 74 NY2d 381; *People v Saunders*, 85 NY2d 339; *People v Miller*, 87 NY2d 211; *People v Prescott*, 95 NY2d 655; *People v Jelke*, 1 NY2d 321; *People v Stuart*, 100 NY2d 412; *People v Martinez*, 81 NY2d 810; *People v Flynn*, 79 NY2d 879.) II. The factual allegations in the information were insufficient as a matter of law to show a "course of conduct" as required for the count of stalking in the third degree, or to show that appellant repeatedly harassed the complainant as required for the count of first degree harassment. (*People v Kalin*, 12 NY3d 225; *People v Alejandro*, 70 NY2d 133; *People v Casey*, 95 NY2d 354; *People v Sedlock*, 8 NY3d 535; *People v Wood*, 59 NY2d 811; *People v Webers*, 9 Misc 3d 135[A], 2005 NY Slip Op 51673[U]; *People v Hogan*, 181 Misc 2d 748.)

*Richard A. Brown, District Attorney*, Kew Gardens (*Daniel Bresnahan* and *John M. Castellano* of counsel), for respondent. I. Attempted stalking in the third degree is a legally cognizable crime because the underlying statute punishes conduct rather than unintended results and does not, in and of itself, encompass an attempt. (*People v Coleman*, 74 NY2d 381; *People v Saunders*, 85 NY2d 339; *People v Miller*, 87 NY2d 211; *People v Prescott*, 95 NY2d 655; *People v Dlugash*, 41 NY2d 725; *People v Bracey*, 41 NY2d 296; *People v Naradzay*, 11 NY3d 460; *People v Kassebaum*, 95 NY2d 611; *People v Fullan*, 92 NY2d 690; *People v Simmons*, 92 NY2d 829.) II. The accusatory instrument was facially sufficient, as the factual allegations established each element of the charged offenses. (*People v Miles*, 64 NY2d 731; *People v Dumas*, 68 NY2d 729; *People v Kalin*, 12 NY3d 225; *People v Jones*, 9 NY3d 259; *People v Henderson*, 92 NY2d 677; *People v Casey*, 95 NY2d 354; *People v Iannone*, 45 NY2d 589; *People v Jacoby*, 304 NY 33; *People v Allen*, 92 NY2d 378; *People v Konieczny*, 2 NY3d 569.)

## OPINION OF THE COURT

PIGOTT, J.

We are asked on this appeal to decide whether attempted stalking in the third degree (Penal Law §§ 110.00, 120.50 [3]) is

a legally cognizable offense. Because stalking proscribes the performance of certain acts, we hold that the attempt to commit those acts is punishable as a criminal offense.

Defendant was charged by a misdemeanor complaint with the crimes of stalking in the third degree (Penal Law § 120.50 [3]), harassment in the first degree (Penal Law § 240.25) and harassment in the second degree (Penal Law § 240.26). The complaint alleged that defendant followed the complainant for approximately three blocks in his vehicle as she walked from her residence towards her church. After the complainant returned home to contact a friend for a ride to her church, defendant followed the complainant and her friend approximately five blocks, exited his vehicle and confronted the complainant while she was sitting in her friend's vehicle. Defendant then told the complainant: "I am going to kill you." The complaint further alleged that defendant had followed the complainant approximately 25 times over the past three years, at various locations.

Criminal Court granted the prosecutor's motion to reduce the charged count of stalking in the third degree to attempted stalking in the third degree and, as a result, defendant was tried without a jury. He was found guilty of all charges.

Defendant appealed arguing, as relevant here, that attempted stalking in the third degree is not a legally cognizable offense and the allegations in the complaint are too conclusory to provide prima facie evidence of either a course of conduct, as required for the stalking charge, or repeated acts of harassment, as required for one of the harassment counts.

The Appellate Term affirmed the judgment of conviction, finding that the factual allegations of the complaint adequately established every element of the charged offenses. On the issue of whether attempted stalking in the third degree is a legally cognizable offense, the court concluded that it is. (*People v Aponte*, 24 Misc 3d 118 [2009].)

A Judge of this Court granted defendant leave to appeal and we now affirm.

A person commits stalking in the third degree when he or she:

> "3. With intent to harass, annoy or alarm a specific person, intentionally engages in a course of conduct directed at such person which is likely to cause such person to reasonably fear physical injury or serious physical injury, the commission of a sex offense

against, or the kidnapping, unlawful imprisonment or death of such person or a member of such person's immediate family" (Penal Law § 120.50 [3]).

Defendant argues that a person may not attempt to commit this crime because the statute already encompasses actions in the nature of an attempt. He points out that a defendant may be guilty of the offense even if, for whatever reason, the conduct in fact fails to result in any harm to the intended target.

Under the Penal Law, "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the. commission of such crime" (Penal Law § 110.00). An attempt exists as an identifiable, separate offense from the crime that is being attempted (*see People v Campbell*, 72 NY2d 602, 605 [1988]). To prove an attempt, the People must show that the defendant acted for a particular criminal purpose, i.e., with intent to commit a specific crime (*id.*).

We have previously held that "where a penal statute imposes strict liability for committing certain *conduct*, an attempt is legally cognizable, since one can attempt to engage in conduct" (*People v Prescott*, 95 NY2d 655, 659 [2001]). For example, in *People v Saunders* (85 NY2d 339 [1995]), the viability of attempted criminal possession of a weapon in the third degree was at issue (Penal Law § 265.02 [1]). This crime, we noted, contained no "result" component; rather, the underlying weapons possession crime proscribed particular conduct (85 NY2d at 343). We held that the defendant "may legally and logically attempt to act in the manner proscribed by this penal statute—namely, to attempt to possess a weapon" (*id.* at 341).

Similarly here, the relevant portions of the penal statute for stalking penalize behavior that is likely to cause harm, and do not require proof of actual harm to establish guilt. While the conduct penalized is defined as engaging in "a course of conduct . . . likely to cause" certain consequences, there is nothing impossible about attempting to engage in such a course of conduct. Thus, if a telephone call or e-mail were "likely to cause" the consequences referred to, an attempt to make such a phone call or send such an e-mail—even if the communication never reached its intended recipient—would be an attempt. In short, the statute strictly penalizes conduct and an attempt to engage in that conduct is not a legal impossibility.

We further agree with the appellate court that the factual allegations of the complaint established every element of stalking in the third degree (Penal Law § 120.50 [3]) and harassment in the first degree (Penal Law § 240.25).

Accordingly, the order of the Appellate Term should be affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed.