OPINION OF THE COURT
Memorandum.
Defendant was charged in an accusatory instrument with patronizing a prostitute in the third degree (Penal Law former § 230.04). The instrument, which was supplemented with a supporting deposition, alleged that, on or about January 14, 2012, at approximately 4:25 a.m., at the southeast corner of Cozine Avenue and Alabama Avenue, in Kings County, defendant had solicited or requested an undercover police officer posing as a prostitute to engage in fellatio in return for a fee, or had agreed to pay a fee to the officer in return for which the officer would engage in fellatio with defendant. Prior to trial, the Criminal Court conducted a hearing, pursuant to People v. Hinton (31 NY2d 71 [1972]), at the prosecutor’s request, and, after hearing the testimony of the undercover officer who had encountered defendant, the court determined that it would close the courtroom during the trial, but only while that officer was testifying, finding that, if she were to testify in public, it would jeopardize both her safety and the safety of her team, as well as her status as an undercover officer, particularly since she expected to continue working in precisely the same location where defendant’s arrest had been made. Additionally, prior to trial, the court granted, over defendant’s opposition, the People’s application to reduce the charge to attempted patronizing a prostitute in the third degree (Penal Law *55 § 110.00, former § 230.04). After a nonjury trial, defendant was convicted of attempted patronizing a prostitute in the third degree.
On appeal, defendant contends that the accusatory instrument was jurisdictionally defective; that the court did not have jurisdiction to reduce the charge to an attempt; that the evidence was legally insufficient to support the conviction; that the verdict was against the weight of the evidence; and that his right to a public trial was violated when the court closed the courtroom during the undercover officer’s testimony.
Since defendant did not waive prosecution by information, the facial sufficiency of the accusatory instrument must be evaluated under the standards which govern the legal sufficiency of an information (see People v Kalin, 12 NY3d 225, 228 [2009]). Such a challenge to the facial sufficiency of the instrument is jurisdictional and cannot be waived by a defendant’s failure to raise the issue in the Criminal Court (see People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]). As the statute existed at the time that defendant was charged, a person patronizes a prostitute “when [h]e pays or agrees to pay a fee to another person pursuant to an understanding that in return therefor such person or a third person will engage in sexual conduct with him” (Penal Law § 230.02 [1] [b]), or “[h]e solicits or requests another person to engage in sexual conduct with him in return for a fee” (Penal Law § 230.02 [1] [c]). The definition of sexual conduct includes oral sexual conduct (see Penal Law § 130.00 [10]). Thus, the accusatory instrument was facially sufficient since, together with the supporting deposition, it provided reasonable cause to believe that defendant had patronized a prostitute and contained allegations which established, if true, every element of the offense charged and defendant’s commission thereof (see CPL 100.15, 100.40 [1]). As a result, the factual allegations of the information gave defendant sufficient notice to prepare a defense and were adequately detailed to prevent him from being tried twice for the same offense (see People v Konieczny, 2 NY3d 569, 575 [2004]; Casey, 95 NY2d at 360).
With respect to defendant’s contention that the court did not have jurisdiction to reduce the charge to an attempt, under the Penal Law, “[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime” (Penal Law § 110.00). An attempt exists as an identifiable, *56 separate offense from the crime that is being attempted (see People v Campbell, 72 NY2d 602, 605 [1988]). The Court of Appeals has held that where a penal statute imposes strict liability for committing certain conduct, with no result component, an attempt is legally cognizable, since a person can attempt to engage in that conduct (see People v Aponte, 16 NY3d 106, 109 [2011] [attempted stalking]; People v Prescott, 95 NY2d 655, 659 [2001] [attempted driving while intoxicated]; People v Saunders, 85 NY2d 339 [1995] [attempted criminal possession of a weapon]). Similarly here, the crime of patronizing a prostitute contained no result component. Rather, the statute proscribed particular conduct, either the payment or the agreement to pay a fee to another person pursuant to an-understanding that, in return therefor, such person (or a third person) will engage in sexual conduct, or the solicitation or the requesting of another person to engage in sexual conduct in return for a fee. There is nothing impossible about attempting to engage in such a course of conduct, since there can be an attempt to make such a solicitation or agreement, for example, if the communication never reached its intended recipient (see generally Aponte, 16 NY3d at 109). Thus, a defendant “may legally and logically attempt to act in the manner proscribed by this penal statute” (Saunders, 85 NY2d at 341), i.e., attempt to patronize a prostitute (see e.g. People v Ward, 123 AD3d 590 [2014]; People v Rodriguez, 56 AD3d 574 [2008]; People v Gallicchio, 189 Misc 2d 182 [Westchester County Ct 2001]; People v Sharif, 141 Misc 2d 80 [Crim Ct, NY County 1988]).
Defendant’s challenge to the legal sufficiency of the evidence is preserved for appellate review since he raised these same contentions with specificity before the Criminal Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). At trial, the undercover officer testified that she had participated in this type of an operation over 10 times previously and had received special training in using street terminology when speaking with “Johns.” She further testified that, on January 14, 2012 at approximately 4 a.m., while she was standing on the corner of Cozine Avenue and Alabama Avenue, she was approached by a vehicle that was occupied by defendant. She testified that he had asked her “how much for head,” which she took to mean that, in exchange for money, he wanted her to perform oral sex on him. She then asked him to make her a monetary offer, to which he responded “$20.” The undercover officer further testi *57 fied that an agreement was reached with defendant for him to give her $20 in exchange for oral sex. Thus, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we conclude that the evidence sufficiently established, beyond a reasonable doubt, that defendant had attempted to patronize a prostitute in the third degree (see Penal Law § 110.00, former § 230.02 [1] [b], [c]; former § 230.04; People v Danielson, 9 NY3d 342, 349 [2007]).
The resolution of issues of credibility, as well as the weight to be accorded the evidence presented, is for the trier of fact, which had the opportunity to see and hear the witnesses (see People v Lane, 7 NY3d 888, 890 [2006]; People v Romero, 7 NY3d 633, 644-645 [2006]), and the determination of the trier of fact should be afforded great weight on appeal and not be disturbed unless clearly unsupported by the record (see People v Mateo, 2 NY3d 383, 410 [2004]). Although, on cross-examination, the undercover officer testified that it was impossible for her to remember the specific details of her approximately 150 prostitution-related arrests, we find, after weighing the relative probative force of the testimony and the relative strength of the conflicting inferences that may be drawn therefrom, that the guilty verdict was not against the weight of the evidence.
The right to a public trial under the Sixth Amendment to the United States Constitution is fundamental but not absolute (see People v Kin Kan, 78 NY2d 54 [1991]). The carefully calibrated discretionary trial court power to exclude the public for demonstrated and documented reasons is an exceptional authority that must be “sparingly exercised” only when necessitated by “unusual circumstances” (People v Hinton, 31 NY2d 71, 76 [1972]), and “the balance of interests must be struck with special care” (Waller v Georgia, 467 US 39, 45 [1984]). The United States Supreme Court has articulated a four-prong test by which to assess the propriety of closure, as follows: (1) the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; (2) the closure must be no broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closing the proceeding; and (4) the trial court must make findings adequate to support the closure (see Waller, 467 US at 48). Here, the Criminal Court satisfied all four of these prongs. It found that the undercover officer had advanced an overriding interest *58 that was likely to be prejudiced if she were to testify in an open courtroom, it permitted defendant’s father and defense counsel’s colleagues to be present for the testimony, and it made findings adequate to support the closure. Moreover, under the circumstances presented, it can be implied that the trial court, in ordering closure, determined that no lesser alternative would protect the articulated interest (see People v Ramos, 90 NY2d 490, 504 [1997]). Therefore, we find no error in the Criminal Court’s determination to close the courtroom during the undercover officer’s testimony (see People v Martinez, 82 NY2d 436 [1993]; People v K.U., 37 Misc 3d 551 [Sup Ct, Bronx County 2012]).
Accordingly, the judgment of conviction is affirmed.
Solomon, J.P., Aliotta and Elliot, JJ., concur.