<partyblock>

The People of the State of New York, Appellant,

against

Ram Ismailgeci, Defendant-Respondent.

The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Myrna Socorro, J.), dated May 31, 2017, which granted defendant's motion to dismiss the accusatory instrument.

Per Curiam.

Order (Myrna Socorro, J.), dated May 31, 2017, reversed, on the law, motion denied, accusatory instrument reinstated and matter remitted to Criminal Court for further proceedings.

The accusatory instrument was not jurisdictionally defective. Giving the misdemeanor information "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]) that it was legally sufficient to charge defendant with "solicit[ing] ... another person to engage in sexual conduct with him in return for a fee" (Penal Law  230.02[1][c], 230.04). The instrument recites that on November 18, 2016 at 12:25 a.m., on a specified street corner in Bronx County, defendant offered an undercover police officer $15 "in exchange for sexual intercourse" and further that defendant stated to the officer, "How much for everything?" (see People v Menner, 53 Misc 3d 52, 54-55 [2014], lv denied 28 NY3d 1029 [2016]; cf. People v Drelich, 58 Misc 3d 81 [2017], lv granted __ NY3d __ [2018], 2018 NY Slip Op 97615[U]). These allegations were sufficient for pleading purposes "since they provided adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).  

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: June 22, 2018

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>